43 U.S. 455
 2 How. 455
 11 L.Ed. 337
 EX PARTE IN THE MATTER OF CHARLES F. SIBBALD, APPELLANT,
v.
THE UNITED STATES.
 January Term, 1844
 
 THIS case was brought up by appeal from the Superior Court for the district of East Florida. It was a petition, the nature of which can be best explained by referring to the petition itself, which was as follows:
 To the honorable, the Supreme Court of the United States, the petition of Charles F. Sibbald, respectfully represents, That, at January term, 1836, of the Supreme Court of the United States, that the case of the United States, appellants, v. your petitioner, the subject-matter being on a grant of land derived from the Spanish government, and situated in Florida, its extent 16,000 acres, your honorable court confirmed the entire grant of your petitioner.
 That the grant stipulated, and your honorable court decided the right, as exercised by your petitioner, of making surveys anywhere in Florida; at which decision three several surveys, as made, were accordingly confirmed to your petitioner. Vide 10 Pet., 321.
 That it being ascertained that divers interfering surveys, under valid titles from the British and Spanish, as also some donations from the government of the United States, would deprive your petitioner of a large portion of the 16,000 acres as decided to belong to him, at the January term of your honorable court, of 1838, he found it necessary to apply to have the former mandate of the court so strengthened, or altered, that the surveyor of the public lands in Florida, and the judge of the United States court there, would be directed to make surveys for such a quantity of land as that of which he was deprived by these conflicting claims within his former surveys.
 That your honorable court (12 Pet., 488 to 496,) heard his petition, representing 'that, by the opinion of this honorable court, he considered two points clearly settled, to wit: the first, that he was entitled to 16,000 acres, according to the original grant; secondly, that he had an inherent privilege to direct, or point out, where other locations should be made, in case the other surveys made for him were interefered with by older and good claims.' That your honorable court (12 Pet., 494) have directed the application of the Missouri law of 1824, which, you say, 'will meet the prayer of your petition, which you feel bound to grant, for the reasons set forth;' and, in accordance with which, a supplemental petition was added by the counsel of your petitioner, at the suggestion of your honorable court, referring to the Missouri law.
 That, upon receiving the mandate of the court, and examining this law, your petitioner ascertained, that while the decree of your honorable court, confirmed and decided his rights to select lands anywhere in Florida, he ascertained that this act only authorized the entry of such refuse lands as had been offered at public sale under the President's proclamation; and thus depriving him of the very spots he might wish to select.
 That, also, while this act would limit and confine him to such lands as [are] surveyed, the fact exists, that only a small portion of the public land in East Florida have been surveyed.
 That your petitioner, therefore, is obviously debarred in the exercise of his right to select the lands decreed to him; and prays your honorable court to order the mandate [to be] so amended as to meet his case.
 Your petitioner respectfully refers to the case of Smith v. United States, 10 Pet., 334, where your honorable court says: 'Should this grant be confirmed, it must follow its tenor and purport; the decree must affirm its validity, not merely to the quantity of land, but with the right of location, according to its express terms, which gives St. Vrain the unlimited choice of the most valuable portions of the public lands. It would be in direct violation of those rights, which constitute the great value of the claim (which were not of the quantity of land), to make a decree that they were secured to him by the law of nations, the treaty, and acts of Congress, as inviolable, and in the same decree to limit him in the selection of such lands in Missouri as should have been offered at public sale, without a bid beyond the minimum price of the public lands. This would necessarily deprive him of the very spots to which he would be entitled under our decree, wherever he might choose to apportion them by a lawful survey.'
 Your petitioner further represents that, in Arredondo v. The United States, 6 Pet., 710, your honorable court said: 'In conformity with the principles of justice, and rules of equity, the court is directed to decide all questions arising in the cause, and by a final decree to settle and determine the validity of title according to the law of nations, the stipulations of any treaty, and the proceedings under the same, the several acts of Congress in relation thereto, and the law and ordinances of the government from which it is alleged to be derived, and all other questions which may properly arise between the claimants and the United States; which decree shall, in all cases, refer to the treaty, law, or ordinance under which it is confirmed or decreed against.'
 CHAS. F. SIBBALD.
 Filed 5th March, 1842.
 Mr. Justice STORY delivered the opinion of the Court.
 
 
 1
 On consideration of the petition filed in the above cause, it is the opinion of this court that it has no power to grant the relief prayed. Whereupon it is now here ordered and adjudged by this court, that this petition be and the same is hereby dismissed.