TERRITORY OF DAKOTA, Defendant in Error, *v.* JONES, Plaintiff in Error.

**Evidence — Documents — Admissibility.**

> On a prosecution for perjury, alleged to have been committed while the defendant was testifying in his own behalf on a preliminary examination for selling intoxicating liquors in violation of law, the court, over an objection of relevancy and incompetency, permitted the prosecution to put in evidence, and the jury to take with them on retiring for deliberation a transcript of the committing magistrate's docket showing the proceedings on the examination, and his finding that there was sufficient cause to believe the defendant guilty of the offense. *Held*, error.

(Argued and determined at the May Term, 1888.)

ERROR to the district court, Lincoln county; Hon. C. S. PALMER, Judge.

The transcript above referred to recited the filing of an information (contents not given), the issuance of a warrant, the arrest of the defendant, his appearance, the hearing and the finding of the justice, which was as follows : " It appearing to me that the offense charged in the information has been committed, and that there is sufficient cause to believe that A. B. Jones [the defendant] is guilty thereof, I order that he be held to answer the same and admitted to bail in the sum of two hundred dollars."

There was nothing in the transcript showing what the defendant swore to on the examination.

At the time of the trial, section 383, C. Cr. Pro., was as follows: " Upon retiring for deliberation, the jury may take with them all

papers which have been received as evidence in the cause, or copies of such parts of public records or private documents, given in evidence, as ought not, in the opinion of the court, to be taken from the person having them in possession."

The other facts are stated in the head-note.

*Taylor & Willcox*, for plaintiff in error.

The court erred in admitting in evidence and allowing the jury to take to their room the transcript of the docket. The defendant was prejudiced thereby in the mind of the jury. Somerville v. State, 6 Tex. App. 433; § 383, C. Cr. Pro.; People v. Dowdigan, 34 N. W. Rep. 411; Littlefield v. State, 5 S. W. Rep. 650; People v. Thornton, 16 Pac. Rep. 244.

*Chas. F. Templeton, Attorney-General*, for defendant in error.

By the COURT:

This case is reversed upon the ground that the court erred in admitting in evidence, and permitting the jury to take to their room on retiring to deliberate upon their verdict the transcript of the justices' docket who held the defendant to answer to the grand jury. All concur.