**COTTAGE HOME REMEDY CO. v. SMITH et al.**

No. 7207--Opinion Filed Dec. 26, 1916.

(162 Pac. 185.)

(Syllabus by the Court.)

**Guaranty—Contracts—Construction.**

Contract of guaranty construed, and held. that the proviso, that the sum which S. should owe C. at any time should not exceed $500, was not a condition upon the breach of which the obligation was defeated, but only a limitation on the liability of S. to C.

Error from District Court, Pontotoc County; Tom D. McKeown, Judge.

Action by the Cottage Home Remedy Company against Mrs. H. H. Smith and another. There was a judgment for defendants, and plaintiff brings error. Reversed and remanded.

Thomas P. Holt and James E. Webb, for plaintiff in error.

Robert Wimbish and W. C. Duncan, for defendants in error.

PER CURIAM. On April 26, 1913. plaintiff in error sued defendants in error to recover upon the following:

"Letter of Credit.

"Town: Colliersville.

"State: Tennessee.

"Date: June 17, 1911.

"The Cottage Home Remedy Company, Incorporated, Proprietary Medicines, Nashville, Tennessee—Gentlemen: I, we, hereby become responsible to you for the payment of medicines, equipment (horses and buggies, etc.) and for cash furnished or other goods, shipped by you to Chas. W. Smith, according to his orders from time to time; provided, the said Chas. W. Smith shall fail to make payment therefor in Nashville, Tennessee, within six months from date; and provided further, that said indebtedness for which we hereby become responsible at any time, shall not exceed five hundred dollars. We hereby waive both notice of acceptance of this letter of credit and the notice of default in payment as above provided.

"Given this the 17th day of June, 1911, at Colliersville, county of Shelby, state of Tennessee.

"First indorser: [Signature] Mrs. H. H. Smith.

"Second indorser: [Signature] Mrs. Mable Browall."

The petition, after setting out the above contract, alleges that, upon receipt of same, plaintiff furnished certain goods, equipment, etc., to said Chas. W. Smith, on his order from time to time, which, at the time this suit was brought, amounted in excess of the value of $500, and, at the time of bringing this suit, said Smith was indebted to plaintiff in the sum of $590.02, as shown by itemized accounts attached to the petition. and they ask judgment to the amount of $500. as stated in said letter of credit.

After plaintiff's petition had been amended in accordance with defendants' motion to make more definite and certain, defendants demurred thereto, which was overruled. Thereupon they filed their answer, consisting (1) of a general denial; (2) that they were induced to sign said instrument by the representations of the agent of plaintiff to the effect that said instrument did not amount to

anytuing, that they signed it before reading same, etc.; (3 and 4) that the terms of said letter of credit were violated, in this, that said plaintiff permitted said Smith to become indebted to it in a sum in excess of $500, to wit, $1,073.33, at one time; by reason of which, they say, they were discharged from all liability. After plaintiff's demurrer to the answer was sustained as to the second, but overruled as to the third and fourth grounds, plaintiff replied, in effect, a general denial. The cause was then tried to a jury and resulted in a verdict and judgment for defendants, to reverse which plaintiff brings the case here.

It is first assigned that the court erred in overruling its demurrer to the third and fourth paragraphs of defendants' answer. The point is well taken.

Mr. Justice Story, in Lawrence v. McCalmont, 2 How. 455, 11 L. Ed. 326, speaking to the interpretation of letters of credit and guaranty, says:

"Indeed, if the language used be ambiguous and admits of two fair interpretations, and the guarantee has advanced his money upon the faith of the interpretation most favorable to his rights, that interpretation will prevail in his favor; for it does not lie in the mouth of the guarantor to say that he may, without peril, scatter ambiguous words, by which the other party is misled to his injury."

The contract or letter of credit is not ambiguous. While the meaning of the proviso, "that said indebtedness for which we hereby become responsible at any time shall not exceed five hundred dollars," perhaps might have been intended to convey the meaning "that plaintiff shall not at any one time credit said Smith with more than $500 worth of goods, or else the parties to said guaranty would be released," yet, as stated by Mr. Justice Story, supra, the plaintiff advanced its money and goods upon the faith of the interpretation most favorable to its rights, and even though the language of the guaranty does admit of two interpretations, the interpretation which is most favorable to the rights of plaintiff will prevail. However, we are of opinion that, when defendants said "that said indebtedness for which we hereby become responsible at any time shall not exceed five hundred dollars," they thereby intended to limit their liability to that amount, and not to limit the amount of goods which plaintiff might sell to said Smith on credit; and the fact that the amount of goods sold did at any time exceed the sum of $500 did not relieve defendants from liability upon said guaranty to the amount of $500.

In Pratt v. Matthews, 24 Hun (N. Y.) 386, defendants executed an instrument whereby they agreed with plaintiff's assignors that one Pope, who had purchased or was about to purchase coal of said assignors, would pay them such price therefor at such times as might be agreed upon between them and Pope, for all coal that might be delivered to him up to a certain time; and, in default of his so doing, the defendants agreed to pay the same, "provided the amount so in default should not at any time exceed the sum of $1,000." Construing said guaranty, the court held:

"That the proviso that the amount in default should not at any time exceed $1,000 was a limitation upon the defendants' liability, and not upon the amount of coal to be furnished, and that the fact that the indebtedness due from Pope for coal exceeded at times that sum did not relieve the defendants from liability upon the contract."

In Curtis v. Hubbard, 6 Metc. (Mass.) 186, the contract of guaranty contained the following proviso:

"Provided that the whole amount, which he shall owe them at any one time, shall not exceed eleven hundred dollars; it being the understanding that I am, in no event, to be liable for more than that sum."

The above is very similar to the provision contained in the contract in the instant case, construing which the court held:

"That the proviso * * * that the sum which B. should owe C. at any one time should not exceed $1,100 was not a condition upon the breach of which A.'s obligation was defeated, but only a limitation of A.'s liability to C. * * *"

And in the opinion the court said:

"On the first point, the court are of opinion that the proviso * * * that the amount the son shall owe the plaintiffs at any one time shall not exceed $1,100 is not a condition subsequent, upon the breach of which the obligation of the defendant was annulled and defeated. In construing an instrument of guaranty, as in the case of any other written instrument, the intent of the parties is to govern, as collected from the whole instrument and the subject-matter to which it applies. The word 'provided' may or may not make a condition, according to the context. The manner in which the word is used in this case, and the connection in which it was introduced, show that it was intended rather as an exception or limitation than as a condition. The first stipulation of the defendant was, in form, a promise to guaranty payment of all her son should owe the plaintiffs. Then comes the proviso, manifestly to limit the generality of this undertaking, which would otherwise be a guaranty for an unlimited amount. Then we think the subsequent sentence was introduced for greater caution, to explain what was intended by the former;

it being understood that in no event she should be liable for more than that sum."

In Fisk et al. v. Stone, 6 Dak. 35, 50 N. W. 125, it is stated in the syllabus:

"One H. wrote plaintiffs stating that she wanted to get goods on time, and had friends who would guaranty payment; and on receipt of plaintiffs' reply she wrote them again, inclosing a letter from defendant, in which he stated that their letter to H. had been handed him, and if they would send her such goods as she might order, not exceeding $300 due them at any one time, he would guarantee that they were paid in full. Held, * * * it was not a breach of the terms of guaranty so as to relieve defendant from his liability for $300, that plaintiffs gave H. credit for more than that amount on four months' time. the usual period of credit."

The cause is reversed and remanded.

All the Justices concur.