[Civ. No. 3200.    First Appellate District, Division One.—November 7, 1919.]

## ENG–SKELL COMPANY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—STATUS OF APPLICANT AS EMPLOYEE—ADMISSIBILITY OF PAROL EVIDENCE.—Upon the hearing of an application for an award of compensation for personal injuries received by the applicant while performing the duties which devolved upon him by virtue of a written agreement with a certain company, the Industrial Accident Commission does not commit error in going outside of the written agreement in seeking to ascertain, through oral testimony, what the actual relation was between the applicant and the company.

[2] ID.—FURNISHING OF TRUCK BY APPLICANT—STATUS NOT AFFECTED.—The mere fact that under the agreement with the company the applicant was to furnish a delivery truck during the term covered by the agreement, which he was to drive, did not affect his status as an employee.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award affirmed.

The facts are stated in the opinion of the court.

Barry J. Colding and Theodore Hale for Petitioners.

A. E. Graupner for Respondents.

---

2. Who are employees within meaning of Workmen's Compensation Acts, notes, L. R. A. 1916A, 115, 246; L. R. A, 1917D, 145, L. R. A. 1918F, 201.

RICHARDS, J.—Application for a writ of review.

The facts of the case are these: The Eng-Skell Company, one of the petitioners herein, was, in the month of March, 1917, engaged in the business of supplying soda-water fountains with the materials and compounds necessary to the conduct of such establishments. The said petitioner's business required regular and daily deliveries by means of delivery trucks or wagons operated by a driver and making a regular daily round of its customers. In March, 1917, the said petitioner, Eng-Skell Company, entered into an agreement in writing with one George B. Rogers, who was at that time the owner of a Ford delivery truck, by which the daily use of said truck, with its driver, was agreed to be supplied by said Rogers to said petitioner, for the purposes of its said business, between the hours of 8 A. M. and 6 P. M., Sundays and holidays excepted, for a period of six months thereafter, for the sum of $1,050 for the entire term, payable in equal semi-monthly amounts of $87.50. This agreement was in the form of a written offer by said Rogers to supply said truck and driver during said term, and in connection with said offer and as a part thereof he was to deposit the sum of fifty dollars to guarantee the faithful fulfillment of his offer, in case of its acceptance, in so far as the same provided for an uninterrupted delivery service during said term. To this written offer the Eng-Skell Company affixed its acceptance, also in writing, and thereupon said Rogers entered upon the duties provided for in the agreement thus made. Said agreement was, from time to time, renewed, and was in existence under one of such renewals on the second day of April, 1919, when said Rogers, while personally discharging the duties which devolved upon him by virtue of said agreement, sustained an injury to one of his eyes, he being at the time engaged in unloading or unpacking one of the boxes of said petitioner in which its deliveries were wont to be made. Thereafter said Rogers applied to the Industrial Accident Commission for an award against said petitioner and its insurer, in due course of proceedings upon which the award in favor of Rogers was made, for the annulment of which the petitioners herein have instituted this proceeding.

[1] The sole question presented for our determination is as to whether said Rogers was at the time of his injury an

employee of the Eng-Skell Company or was an *independent contractor*.

If, in the consideration of this question, we are to be confined to the terms of the written contract entered into between said parties, it might well be concluded that said Rogers was not an employee of the Eng-Skell Company, but that he was an independent contractor. Upon the hearing before the commission, however, evidence was presented showing that while by the terms of said contract Rogers was merely to furnish a Ford delivery truck during its term, with a driver thereof, the real arrangement between the parties was such that Rogers was himself to be such driver and was to give his personal services to the Eng-Skell Company during the term of said contract and during each day of its continuance, Sundays and holidays excepted, from 8 A. M. to 6 P. M., and that in the course of such personal service he was not only to be the driver of the truck but was to attend to all of the details incident to the delivery of the goods and material which the Eng-Skell Company supplied daily to its customers. The evidence further sufficiently shows that this service on the part of Rogers was not only a personal service, but was such a service as precluded the pursuit of any independent calling by himself or the use of his delivery truck in any other business than that of the Eng-Skell Company, and that in the performance of such service and the use of said truck Rogers was at all times under the control and direction of the Eng-Skell Company.

It is the contention of the petitioners herein that the Industrial Accident Commission was in error in admitting such evidence; and that the relation between said Rogers and the Eng-Skell Company was to be determined solely from the terms of the written agreement. An examination of that agreement, however, discloses that it did not purport to relate to or define any personal service which Rogers was to furnish to the Eng-Skell Company; and this being so, we are satisfied that the commission committed no error in going outside of the aforesaid written agreement and in seeking to ascertain, through oral testimony, what the actual relation was between Rogers and the Eng-Skell Company. And we are further satisfied that the evidence thus adduced established all of the elements necessary to the existence of

the relation of employer and employee under the terms of section 2009 of the Civil Code.

[2] The facts, as disclosed by such evidence, show that Rogers stood in no other or different relation to the Eng-Skell Company than that which is found in many trades and employments in which employees agree to furnish their own tools and appliances and to care for and replace them during the course and term of their employment; and it has been uniformly held that the fact that such persons were to supply such tools or appliances did not in any manner affect their relation or status as employees. The cases cited by the petitioners herein are sound in principle but have no particular bearing upon the issues involved in this proceeding, and hence do not require review in detail. The case is clearly one in which the commission acted within its powers in determining the actual relation existing between said Rogers and the Eng-Skell Company, and it committed no error in arriving at the conclusion to which it came on the evidence which was properly presented before it.

It follows that the writ must be denied and the award confirmed, and it is so ordered.

Kerrigan, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 5, 1920.

All the Justices concurred, except Kerrigan, J., *pro tem.*, who did not participate.