## SMITH et al. v. COTTAGE HOME REMEDY CO.

No. 11536— Opinion Filed June 12, 1923.

**1. Guaranty—Action on Letter of Credit—Pleading and Proof.**

Where an action is commenced based upon a letter of credit, which, by its express terms, obligates the signers of the letter to pay up to a specified amount for goods, property, or monies advanced to a third party upon his failure to pay for same within a given time, it is necessary for the plaintiff to allege and prove by competent evidence what items were furnished and the value thereof.

**2. Pleading—Petition — Verified Account—General Denial.**

Where a plaintiff attaches a duly verified account to his petition, but does not specifically allege in the petition that the account is correct, the defendant is not required to deny the correctness of the ac-

count under oath, but may raise the issue by a general denial.

**3. Same—Statute.**

The statute upon its face not only requires that a verified account be attached to the petition, but also that the petition specifically allege the correctness of the account so attached, before the defendant is required to deny it under oath.

**4. Pleading — Judgment on Pleadings—Issues of Fact.**

Where the pleadings present a disputed issue of fact, it is error to sustain a motion for judgment on the pleadings.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by the Cottage Home Remedy Company against Mrs. H. H. Smith and Mrs. Mabel Browall. Judgment for plaintiff, and defendants bring error. Reversed.

Robert Wimbish and W. C. Duncan, for plaintiffs in error.

C. F. Green and L. H. Green, for defendant in error.

Opinion by THOMPSON, C. This action was commenced on the 24th day of January, 1914, by the Cottage Home Remedy Company, a corporation, defendant in error, as plaintiff below, filing its petition against Mrs. H. H. Smith and Mrs. Mabel Browall, plaintiffs in error, as defendants below, in the district court of Pontotoc county, Okla. The parties will be referred to in this opinion as plaintiff and defendant; just as they appeared in the lower court. The petition alleges that the defendants, Mrs. H. H. Smith and Mrs. Browall, had, on the 17th day of June, 1911, for the purpose of securing credit for one Charles W. Smith, executed and delivered unto the plaintiff their certain letter of credit as follows:

"Letter of Credit, Town Collierville
"State Tennessee
"Date June 17, 1911.
"The Cottage Home Remedy Company (incorporated)
"Manufacturer
"Proprietary Medicines

"Gentlemen: I—we—hereby become responsible to you for the payment for medicines, equipment, (horses and buggies, etc.,) and for cash furnished or other goods shipped by you to Chas. W. Smith, according to his orders from time to time, provided the said Chas. W. Smith shall fail to make payment therefor at Nashville, Tennessee, within six months from date; and provided further,

that said indebtedness for which we hereby become responsible at any time shall not exceed $500. We hereby waive both notice of the acceptance of this letter of credit and notice of default in payment as above provided.

"Given this the 17th day of June, 1911, at Collierville, county of Shelby, state of Tenn.

"First Endorser's Signature Mrs. H. H. Smith Post Office Ada State Oklahoma.

"Second Endorser's Signature Mrs. Mabel Browall Post Office Ada State Oklahoma."

That on the same day and date plaintiff entered into a written contract for the sale of its goods, and the conduct of its business, and alleging as follows:

"(b) That upon receipt of said Letter of Credit, the plaintiff then and there accepted the same, and did proceed to and did ship out goods, (medicines, equipment, horses, buggies, etc.) to the said Chas. W. Smith upon his orders from time to time, some of which orders were oral and some were in writing, copies of which written orders being hereto attached and made a part of this petition and marked 'Exhibit 1 to ____' and did furnish the said Chas. W. Smith with money, equipment, such as horses, buggies, etc., upon the strength and recitals of the said Letter of Credit herein sued on, an itemized verified statement of said goods, medicines, equipment, etc. being hereto attached, and made a part hereof marked 'exhibit B.' invoices of which are hereto attached and made a part hereof, marked 'B1 —Be, etc', that said medicines, equipment, etc., where shipped out to and furnished said Chas. W. Smith by said plaintiff by virtue of the belief of said plaintiff that said defendants would make good their obligations assumed in said Letter of Credit on default of said Chas. W. Smith in paying for said goods within six months from the date of shipment.

"That on the 31st day of December, 1911, the said Chas. W. Smith was indebted to said plaintiff in the sum of $496.02 for goods, medicines, money furnished, etc., on the said contract, and said Letter of Credit, and on which, said Chas. W. Smith paid within six months thereafter, only the sum of $80.08, and wholly made default in the payment of the balance thereon, leaving the sum of $496.02 due and payable to this plaintiff, five hundred dollars of which these defendants have obligated themselves to pay, and due and timely demand on them have been made by plaintiff for the payment of the same but they refuse to pay the same.

"Wherefore, the plaintiff prays for judgment against the said defendants in the sum of $496.02 and for all cost of this action."

And attached thereto an itemized account, duly verified, which was made a part of the

petition, showing a full itemized statement of the goods and property that had been delivered to Charles W. Smith.

Thereafter, the defendants filed their unverified answer, the first paragraph of answer being as follows:

"That they deny all and singular the allegations contained in plaintiff's amended petition, except such as may be hereafter admitted or explained."

And they further set up three special defenses, to which three special defenses plaintiff demurred.

A trial was had and defendants prevailed, and appeal was taken to the Supreme Court of this state by the plaintiff, and the cause was reversed. See Cottage Home Remedy Co. v. Smith et al., 63 Okla. 16, 162 Pac. 185. And the special defenses were eliminated by the Supreme Court opinion, leaving only the unverified general denial in defendants' answer. The cause was remanded for new trial, and came on for second trial, and plaintiff filed motion for judgment on the pleadings, which is as follows:

"Comes now the above named plaintiff, and through its attorney, O. F. Green, states to the court that this cause was appealed to the Supreme Court and was by said court reversed and remanded, and that the mandate has been spread of record in this court; that under the decision of the Supreme Court and the directions to this court, upon said reversal, the answer of the defendants is only a general denial, which is not a defense to the letter of credit sued upon, hence, plaintiff is entitled to judgment on the pleadings.

"Wherefore, plaintiff moves the court for a judgment upon the pleadings as they now stand in this court."

And, on January 14, 1920, the motion of plaintiff for judgment on the pleadings was sustained, and judgment rendered against the defendants for the sum of $496.02, with interest at six per cent. from the 22nd day of November, 1911, until paid, and costs. Defendants filed motion for new trial, which was overruled. Exceptions were taken, and the cause comes to this court regularly on appeal from said judgment.

Defendants set up four specifications of error as follows:

"(1) The court erred in overruling the motion to vacate and set aside the judgment for the reasons therein set out.

"(2) The court erred in sustaining the motion of the defendants in error for the reason that the pleadings in said cause were not sufficient and did not authorize a judgment on the pleadings.

"(3) That the verified account was not sufficient to entitle the plaintiff to a judgment against these defendants, for the reason that the account sued upon was against one Chas. W. Smith as principal, and that these defendants were only sureties and not primarily liable, and the plaintiff should have been required to prove its account against the defendants by legal evidence.

"(4) The petition in this cause was insufficient on which to base a judgment against the defendants upon the pleadings, and was insufficient to avoid the necessity of proving the account declared on in said petition and denied by the defendants."

Attorneys for defendants argue only the third and fourth grounds of said specifications of error.

Under the specifications of error there is but one question for this court to decide, and that is, did the court commit error in sustaining the motion of plaintiff for judgment on the pleadings? The effect of such a motion is to search the entire record, and, upon examination of the letter of credit, which is the basis of this action, we find that the defendants obligated themselves to the plaintiff to become responsible for the payment for "medicines, equipment (horses and buggies, etc.,) and for cash furnished or other goods shipped by plaintiff to Chas. W. Smith, according to his orders from time to time, provided the said Chas. W. Smith shall fail to make payment therefor at Nashville, Tennessee, within six months from date." And there was a further limitation that this obligation should be for a sum not exceeding $500. Thus, it will be seen that it was obligatory upon the plaintiff to allege what medicine and other things it had furnished or shipped to Chas W. Smith, under its contract and the letter of credit, and it could not take judgment against the defendants for the full amount of the bond, but only for such an amount as had been so furnished, and we can not agree with counsel for plaintiff that it was not necessary for them to set out an itemized account of the goods furnished as incidental to their recovery of any amount upon the letter of credit. This action is unlike a suit on a promissory note, where the amount of payment is a fixed amount, and we can not agree with counsel for plaintiff that it was a defensive matter for these defendants, as by and under the clear terms of the contract declared upon, they were not obligated to pay any fixed sum, but only to pay such an amount as Chas. W. Smith owed and failed

to pay to them of the $500 limit, and the plaintiff's right to recover in this case was not dependent solely and only upon the letter of credit, but further dependent upon whether they had furnished any goods or not, and, if so, in what amount. This being true, and the plaintiff having attached a verified itemized account to its petition, then the question arises upon the rule as to whether a verified account having been attached to the petition was good without proof against an answer of an unverified general denial. Our statute, leaving out all matters not applicable, but reading that part relating to verified accounts, is as follows:

"In all actions, allegations of the correctness of any account duly verified by the affidavit of a party, his agent, or attorney, shall be taken as true, unless the denial of the same be verified by an affidavit of the party, his agent or attorney."

It will be observed that there must be an "allegation of the correctness" of the verified account in the petition, and the attaching as an exhibit a verified itemized account, and making it a part of the petition does not, in our opinion, meet the requirements of this provision of our statute. In the absence of an allegation that the verified account, attached as an exhibit, is correct, an answer by an unverified general denial puts in issue the correctness of the account, and it is the opinion of the court that the plaintiff in this cause should have been required to prove his account, and show what amount of goods, and the value thereof, had been furnished to Chas. W. Smith and not paid for, before any judgment could be had by plaintiff in this cause.

The Supreme Court of the territory of Oklahoma held in a case of this character:

"To avoid necessity of proof of an account declared on in the petition and denied by the answer, it is not sufficient to verify the petition generally. The statute contemplates an account stated, duly verified as to its correctness and attached to the petition, and the petition should specially allege the correctness of the verified account so attached." Simon P. Myers v. The First Presbyterian Church of Perry, 11 Okla. 544, 69 Pac. 874.

In the case of Buchanan v. Statler & Herndon, 32 Okla. 206, 120 Pac. 658 it is held:

"The statute contemplates an account stated duly verified by affidavit and attached to the bill of particulars, and an allegation of the bill of particulars of the correctness of the account."

In the case of Miners' Supply Co. v. Chestnutt-Gibbons Grocer Co., 50 Okla. 151, 150 Pac. 686, this court held:

"Where a plaintiff attaches a duly verified account to his petition, but does not specifically allege in the petition that the account is correct, the defendant is not required to deny the correctness of the account under oath, but may raise the issue by a general denial.

"The statute upon its fact not only requires that a verified account be attached to the petition, but also that the petition specifically allege the correctness of the account so attached, before the defendant is required to deny it under oath."

And in the body of the opinion we find this language:

"This statute as it appears upon its face, and as it has been construed by this court, not only requires that a verified account be attached to the petition, but also that the petition 'specifically allege the correctness of the verified account so attached.' "

In the case of Berry v. Oklahoma State Bank. 50 Okla. 484, 151 Pac. 210, we find this language referring to the decisions of this court:

"* * * In every instance it has been held that there must be a specific allegation of the correctness of the account in the petition, before the defendant is required to file a verified denial" Citing: American National Bank of Tishomingo v. Roberts. 29 Okla. 221, 116 Pac. 774: El Reno Vitrified Brick & Tile Co. v. C. W. Raymond Co., 46 Okla. 388, 148 Pac. 1000, and other cases.

An examination of the petition in the instant case reveals that there is no specific allegation that the verified account attached to the petition is correct, and the court erred in granting judgment upon the pleadings.

The petition states a cause of action, but the unverified general denial raised an issue of fact upon whether any property had been furnished by plaintiff under the letter of credit, and, if so, what was the correct amount unpaid for, and this was all that was necessary to put the plaintiff on the proof of the correctness of its verified account. And, instead of granting the plaintiff judgment on the pleadings, the court should have required the plaintiff to prove the amount due on its account, and then rendered judgment for such an amount as was shown by competent evidence to be due.

The judgment of the court is, therefore, reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.