## LONG et al. v. FURST et al.

No. 23919.   April 30, 1935.

Ross Cox and S. A. Horton, for plaintiffs in error.

R. D. Miller, for defendants in error.

PER CURIAM. The defendants in error, Furst & Thomas, are a copartnership, with their place of business at Freeport, Ill., and engaged in the general line of business of medicine companies which handle their products through local persons who go about the country in wagons and distribute same. Originally, all of these companies had local persons to act as agents and with contracts for restricted territory, and the further agreements to sell their goods at prices fixed by the company. These contracts have been uniformly held to be in violation of the statutes against price-fixing and restraint of trade. See Stewart v. W. T. Rawleigh Medical Co., 58 Okla. 344, 159 P. 1187; Hunt v. W. T. Rawleigh Co., 71 Okla. 193, 176 P. 410; Brooks v. J. R. Watkins Medical Co., 81 Okla. 82. 196 P. 956. However, these companies have accommodated themselves to the holdings referred to, and have made their later contracts along the lines laid down in the case of Gordon v. W. T. Rawleigh Co., 117 Okla. 235, 245 P. 825. The contract in the instant case is nearly identical with the one in the Gordon Case referred to, and is valid on its face. The one part of the system which has not beeen changed is that the local representative or purchaser must furnish guarantors for the payment of his account with the medicine company. The plaintiffs in error in this case signed as guarantors to the extent of $500 for one O. Q. Holley, who seems to have quit business owing to defendants in error something over $1,000 for goods furnished him. The action as filed by Furst & Thomas in the district court set up their contract with Holley and the contract of guaranty by Long and Petty, and had further attached an itemized statement of account of the goods furnished Holley.

By way of affirmative defense, Long and Petty alleged that the goods were not furnished under the contract as made and attached to the petition, but that same was a subterfuge and an evasion, and that same was thereafter modified by written letters and instructions so that the system of doing business was under restriction of territory and with a price-fixing or control by the medicine company—which have been held in the Stewart Case and the Hunt Case and the Brooks Case, above cited, to be unlawful.

The trial court sustained a demurrer to this answer, and the defendants elected to stand on their general denial and answer as made, and judgment was entered against them on the petition and exhibits without the introduction of any evidence, and they have appealed to this court. We shall hereafter refer to the parties as they appeared in the trial court.

It is fundamental that if the plaintiffs were engaged in business under a system which was in derogation of the plain laws of the state of Oklahoma, they could recover nothing against Holley on account of goods furnished him in connection therewith—and if they were not entitled to judgment against the principal, Holley, neither could they recover against his guarantors on a debt for which the principal was not liable. As to whether the defendants would have been able to sustain the allegations of their answer, we are not concerned at this time, as the allegations of the answer must be taken as true for the purposes of the demurrer. The answer has alleged as existing the actual state of facts which have been held to be unlawful in the three cases first referred to in this opinion, and we see no reason for departing from the rule laid down in those cases. The allegations on both sides in the instant case seem to be on all fours with the allegations of both plaintiff and defendant in the case of Gordon v. W. T. Rawleigh Co., above referred to. In that case, the trial court correctly held that the answer stated a defense, but the defendants failed to sustain the allegations of the answer with legal proof. Here the trial court sustained a demurrer to the affirmative allegations of the answer, which was error.

Inasmuch as this case must be reversed on the ground above set out, we will further call attention to the fact that the verification of the account and the allegations of

its correctness do not comply strictly with the provisions of section 220 of 1931 Okla. Statutes. (Smith v. Cottage Home Remedy Co., 91 Okla. 87, 216 P. 163. If plaintiffs' pleadings shall be amended in this respect. the allegations of the contract of guaranty and the correctness of the account will be taken as true unless specifically denied under oath. However, we call attention to the fact that the allegation of the 60-day termination of the contract between Furst & Thomas and Holley is a matter extrinsic to both the written contract and the statement of account, and that the failure to make denial under oath does not admit this allegation, but that same must be proven by evidence as against an unverified general denial. These matters are entirely technical, and we would not be disposed to reverse for these reasons alone—but since a reversal is required on substantial grounds, we suggest their irregularity in order that there may be no further complaint in these respects in the event that there should be another appeal after trial in the lower court.

The judgment appealed from is reversed and cause remanded, with directions to the trial court to vacate its judgment on the pleadings, and to overrule plaintiffs' demurrer to the amended answer of Long & Petty, and for further proceedings consistent herewith.

The Supreme Court acknowledges the aid of District Judge E. A. Summers, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by this court.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN,, JJ. concur.