[No. 5816.  Decided December 11, 1905.]

D. G. RUSSELL, *Appellant*, v. JENNY GRAUMANN, *Respondent*.[1]

APPEAL—DISMISSAL—BOND—SUFFICIENCY—SUPERSEDEAS—FIXING BY COURT. In an action to recover for services, in which the defendant had judgment of dismissal and for $17 costs, the amount of the appeal and supersedeas is determined thereby regardless of a writ of garnishment involving a larger sum; and a bond in the sum of $240 is sufficient.

HUSBAND AND WIFE—FAMILY EXPENSES—LIABILITY OF WIFE. Under Bal. Code, § 4508, providing that the expenses of the family are chargeable upon the property of both husband and wife, the wife is liable for hospital charges and medical attendance upon the husband during his last illness, although residing in another state at the time, where there was no positive evidence that the family relation had been severed, but on the contrary it appeared that they were in intimate communication, and after the husband's death the estate was, on petition of the wife, set aside as exempt to her for the support of herself and children.

Appeal from a judgment of the superior court for Spokane count, Huneke, J., entered March 25, 1905, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action against a wife for medical and hospital services to the husband.   Reversed.

*James Dawson,* for appellant.

*Willis H. Merriam,* for respondent.

HADLEY, J.—This is an action to recover for services rendered by the plaintiff as a physician, and also for hospital

[1]Reported in 82 Pac. 998.

services, the latter claim having been assigned to the plaintiff. The services were rendered to one J. H. Graumann, during his last illness, at the Sacred Heart hospital, in the city of Spokane. The defendant was the wife of the deceased at the time of the latter's death. The complaint avers that the deceased and the defendant were husband and wife, and that, at all times mentioned in the complaint, they maintained the status and relationship of a family, mutually contributing to each other's aid and support as such family. It is also alleged that an administrator of the estate of the deceased was duly appointed by the superior court of Spokane county, and that the claims here involved were duly presented to said administrator, and were allowed by him and by said court; that there are no assets of said estate within the possession of said administrator, or within the state of Washington. The answer admits that, at all times mentioned in the complaint until the death of the deceased, he and the defendant were husband and wife; but denies that during those times they maintained the status and relationship of a family, mutually contributing to each other's aid and support as such family. The cause was tried by the court without a jury, and resulted in a judgment for the defendant and for costs against the plaintiff. The plaintiff has appealed.

Respondent moves to dismiss the appeal on the alleged ground that appellant has not furnished an appeal bond as required by law. It is insisted that the bond purports to be both a supersedeas and cost bond; that it is insufficient in amount for a supersedeas bond; and that the court fixed no amount for such bond. The judgment rendered against appellant was that he should take nothing by his action, and that respondent should recover $17 costs. The only purpose the supersedeas bond can serve is to stay the issuance of execution for the $17. The judgment is a final one for the recovery of a definite sum of money. It was therefore unnecessary for the court to fix an amount for a supersedeas bond. The bond given is in the sum of $240. It there-

fore includes the $200 necessary for a cost bond and, in addition thereto, more than double the amount of the judgment. Respondent urges that a supplemental record which she has brought here shows that a writ of garnishment has issued in the action, which involves $305.30 of her funds, and that the bond is, for that reason, insufficient in amount. The amount of the appeal and supersedeas bond is determined by the judgment in the cause, and is not dependent upon the existence of the garnishment or upon the amount of funds to which it is directed. The motion to dismiss the appeal is denied.

The appellant seeks to maintain this action against the wife under the authority of Bal. Code, § 4508, which reads as follows:

"The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

That ordinary medical aid and advice for the wife create family expenses has been repeatedly held. 15 Am. & Eng. Ency. Law (2d ed.), 877, and cases cited. The husband is a part of the ordinary family, and under a statute providing in general terms for liability for "expenses of the family," as does our statute quoted above, we see no reason why medical and hospital services rendered to a husband are not as fully comprehended in the statute as are those rendered to a wife. We do not understand that respondent seriously contends that such is not the law, but she urges that the necessary family status or relationship intended by the statute did not exist between her and her husband so as to render her liable. The record discloses that the trial court adopted that view, and held that recovery cannot be had in this action for the reason that the husband and wife did not sustain the relation of a family within the meaning of the statute. We shall therefore confine our discussion to the relationship that

is shown to have existed between the respondent and her deceased husband.

Appellant urges that the pleadings do not raise the issue that the family relationship had been severed, and that the testimony upon that subject is not relevant to any issue in the case. It is true the answer does not in terms aver the severance of such relation, and appellant argues that the denial of the averments of the complaint on the subject of the family relationship is couched in such involved language that it is insufficient as a denial. However, in view of the result we have determined should be reached in the case, we shall, without discussion, pass over appellant's contention as to the pleadings, shall treat them as including the issue that the family relationship was severed, and shall consider all evidence offered upon that subject.

The evidence discloses that for about three years the deceased had been residing in Spokane, where he pursued his occupation as a painter. During at least a part of that time the respondent was not in Spokane, but it is not established by the evidence, as we view it, that she was not at any time in Spokane with her husband. During his last illness, and at the time of his death, she was in the state of Pennsylvania. But, assuming that respondent may not at any time have been with her husband in the city of Spokane, it does not follow from that fact alone that the family relationship had in a legal sense been severed. It is not necessary that the husband and wife shall at all times reside together under the same roof, in order that the legal status of the family may be preserved. It is a matter of common knowledge that many husbands in their struggles for a livelihood are often required to be far from home, and for long periods of time, and that such enforced absences are in behalf of the family, in order that the comforts of life may be provided for them. Such absence may be strong evidence of affection and regard for the family, rather than otherwise. It will not do to say that

in such cases the family status is destroyed by somewhat continued absence of the husband.

There is nothing in this record to show that the deceased husband of respondent did not establish his residence in this state for the purpose of providing for his family, or that respondent and her children did not intend at some time to join him here. There is no positive evidence in the case that any intention ever existed on the part of either husband or wife to sever the family relationship. Any conclusion of that kind is a mere inference from the fact that the husband was in Washington and respondent was in Pennsylvania. So far as the evidence discloses, an affectionate relationship continued to exist until the death of the husband. The two corresponded frequently while he sojourned at the hospital during his last illness. Letters of tender solicitude for her husband were written by respondent to the Sisters at the hospital, and frequent anxious inquiry was made concerning him. Respondent remitted to the hospital, on different occasions, amounts aggregating $72, to apply on the hospital expense, and promised to pay the remainder. Thus she at all times during his illness manifested the most sincere regard for his welfare and contributed to aid in his comfort. Moreover, after the death of the husband, the respondent petitioned the superior court of Spokane county to set aside to her the entire estate of her husband as being less than $1,000 in value. Her petition must have been based upon the existence of the family relation. She procured a decree awarding the estate to her for the support of herself and children. The statute which authorizes such award, Bal. Code, § 6215, was intended as a provision for the family surviving the husband and father. Respondent cannot claim the estate of the husband in behalf of the surviving family, and at the same time repudiate his relationship to that family in legal contemplation. Under all the evidence, we think the court erred in holding that the family relation had been severed prior to the death of the husband.

In *Jennison v. Hapgood,* 10 Pick. 77, the husband was long absent from his family, and led a somewhat wandering life. The court said:

"The presumption is that he did not intend to abandon them, and this presumption is so strong, that it requires the most cogent proof to remove it."

In *Hudson v. King Brothers,* 23 Ill. App. 118, the liability of the wife for a family expense created by the husband was under consideration. It was contended that the wife was not liable for the reason, as she claimed, that she and her husband were living separate and apart. The husband was much away from his family. After reviewing the acts of the parties bearing upon this subject, the court said:

"If there had been an actual separation, neither of the parties would have done as the evidence shows they did. There is nothing in this point."

We think it may as well be said here that, if there had been an actual separation between respondent and her husband, they would not have done as they did.

Respondent relies much upon the authority of *Gilman v. Matthews* (Colo. App.), 77 Pac. 366. There it was sought to establish liability of a wife for the expense of clothing used by the husband alone. It was held, under the issues and facts shown in evidence, that the wife was not liable. The court, however, stated in the opinion that there was no evidence showing that the family relation existed between the parties. While it may appear from the reasoning of that court that its views may not be altogether in harmony with what we have hereinbefore said concerning the nature of facts which may be sufficient to establish the legal existence of the family relation, yet the case cited was determined in favor of the wife, on the theory that the family relation was not shown to exist. Such is not true in the case at bar, under our views of the evidence, as already stated. It follows that appellant is entitled to recover.

The judgment is reversed, and the cause remanded with instructions to enter judgment for appellant.

MOUNT, C. J., FULLERTON, RUDKIN, CROW, DUNBAR, and ROOT, JJ., concur.