[No. 17801. Department One. August 24, 1923.]

FARMERS & MECHANICS BANK, *Appellant,* v. THE SAN POIL CONSOLIDATED COMPANY *et al.,* *Respondents.*[1]

LIMITATION OF ACTIONS (72)—PART PAYMENT—PERSONS BY WHOM MADE—ASSENT OF JOINT MAKER. Under the rule in this state that a payment made by one of two joint makers of a promissory note will start anew the running of the statute of limitations only as to the person making the payment, unless authorized or ratified by the other maker, a company check made for the company by an officer who was also a joint maker of the company's note, is not thereby individually authorized or ratified so as to toll the statute of limitations as to such officer (MACKINTOSH, J., dissents).

Appeal from a judgment of the superior court of Whitman county, Miller, J., entered June 22, 1922, upon findings in favor of the defendant, in an action upon contract, tried to the court. Affirmed.

[1]Reported in 217 Pac. 707.

*R. L. Campbell* and *Hanna, Miller & Hanna,* for appellant.

*Voorhees & Canfield,* for respondents.

BRIDGES, J.—The application of our statute of limitations is the only question involved in this appeal.

On April 29, 1912, the San Poil Consolidated Company and J. W. Turner and Thomas A. White gave their promissory note to J. W. Lloyd for $2,120. Payments to the extent of something less than one thousand dollars had been made on the principal. The last payment was July 17, 1914, in the sum of one hundred dollars. After this date, the note was endorsed to the appellant, who brought suit against the makers. The appeal affects only Mr. White. If the last payment of $100 was made under such circumstances as to toll the statute of limitations as to him, then the judgment must be reversed; otherwise it must be affirmed.

On the date the last payment was made, Mr. White was the manager of the San Poil Consolidated Company, and as such looked after all of its business affairs. The holder of the note went to the office of the consolidated company and found Mr. White present. As a result of a request made for a payment on the note, Mr. White, as manager of the corporation, drew a company check in favor of the payee of the note for $100, signing the name of the corporation, by himself as its manager, and delivered it to the payee. At the same time, the latter, at the request of Mr. White, gave a receipt showing that the money had been paid to him by the consolidated company to be applied on the note in question. Subsequently Mr. White died and the suit is against the administratrix of his estate.

The sole question is, did this payment, made under the circumstances indicated, start anew, as against Mr.

White, the running of the statute of limitations, which reads as follows:

"When any payment of principal or interest has been or shall be made upon any . . . . promissory note . . . . if such payment shall be made after the same shall have become due, the limitation shall commence from the time the last payment was made." Section 177, Rem. Comp. Stat. [P. C. § 8184.]

For many years it appears to have been the law of England that a payment made by one of several joint, or joint and several, makers of a promissory note would start the statute of limitations afresh as to all. This rule was modified by a legislative act to the effect that any such payment should operate to start anew the statute only as to the person actually making the payment. The law of England before the passage of this act is the law of a few of our states. This doctrine, however, was repudiated by this court in *Stubblefield v. McAuliff*, 20 Wash. 442, 55 Pac. 637, where we said:

"The rule enunciated by the later cases is that part payment by one person, being equivalent to a new contract based upon an old consideration, upon which a cause of action accrues at the time of the payment, binds only the person making the payment, or one whom he has authority to bind by a new contract to pay the balance."

So that, generally speaking, the rule in this state is that a payment made by one of two or more joint and several makers of a promissory note will start anew the running of the statute of limitations only as to the person making the payment. But circumstances may arise where, although payment was made by one co-maker, the intention was that it should be made for and its effects be binding upon the other makers. So that the rule adopted by this and many other states is that a payment made by one joint debtor shall affect the statute of limitations only as to him, unless such

payment was "authorized or ratified" by the other maker. *Bassett v. Thrall,* 21 Wash. 231, 57 Pac. 806; *Hanna v. Kasson,* 26 Wash. 568, 67 Pac. 271; *Perkins v. Jennings,* 27 Wash. 145, 67 Pac. 590; *Arthur & Co. v. Burke,* 83 Wash. 690, 145 Pac. 974. In some of the cases outside of this state it is said that a payment by one joint maker will not operate to toll the statute as to the other unless the payment was made by and with "his knowledge, consent or ratification."

It is our view that the facts here fail to show that the payment made by the San Poil Consolidated Company was made on behalf of Mr. White, or that he, as an individual, either authorized or ratified it.

Expressions of the courts to the effect that the co-debtor not actually making the payment will be bound only when it is made "by and with his knowledge and consent," or by and with "his authorization or ratification," must mean such action upon the part of the co-debtor not actually paying as would indicate that he joins in the payment or that he intended it to bind him to the same extent as if he had made it, or that his conduct was such as to justly lead the person receiving the payment to believe that it was made on his behalf or that he intended to be bound by it. Under the facts here, it was clearly understood by all the parties that the payment was made only by the San Poil Consolidated Company. The check was made by that company and the payee of the note receipted it alone for the payment. The mere fact that Mr. White, who was a joint maker, also happened to be the managing officer of the debtor company, and the money was paid by the company through him, as an official, would not tend to indicate that he intended to be individually bound; nor could such circumstances, in any way, mislead the payee of the note into believing that he, as an individual, was taking any part whatsoever in the

matter.  If the transaction had been carried out in words instead of by check and receipt, Mr. White would have said in substance, to the payee of the note:

"The San Poil Consolidated Company will pay you $100 to be applied on this note.  Please give that company your receipt showing that you have received the payment from it."

It is quite true that Mr. White, as an individual, knew that the money was being paid by his co-debtor, but mere knowledge cannot be sufficient to bind him. It is also true that he, as an individual, in a sense consented that the payment might be made, but such silent consent could not tend to indicate that he intended the payment to affect his rights.  In other words, only the corporation acted; Mr. White as an individual and as one of the makers of the note did nothing.

We are confident that the judgment of the trial court was right, and it is affirmed.

MAIN, C. J., HOLCOMB, and MITCHELL, JJ., concur.

MACKINTOSH, J., dissents.