[No. 21716.    Department One.    July 23, 1929.]

HADDAD, *Appellant,* v. E. T. CHAPIN, *Respondent.*[1]

*M. E. Mack,* for appellant.

*Randall & Danskin,* for respondent.

FULLERTON, J.—This action was brought by the appellant, Haddad, a corporation, against the respondent, Mabel K. Chapin, sued as Mrs. E. T. Chapin, upon an account.   The respondent interposed, as a defense to the action, the statute of limitations.   This defense the trial court sustained, and entered a judgment dismissing the action.

The facts giving rise to the action are not in dispute. The respondent was, for many years, the wife of E. T.

[1]Reported in 279 Pac. 583.

Chapin, and was living with him as such at the time of his death, which occurred on September 8, 1924. Prior to her husband's death, and between September 17, 1923, and July 12, 1924, she and her husband, as a community, purchased merchandise from the appellant which was used for the support and maintenance of their family. The merchandise was purchased on a running account, and during the period of the purchases, sundry payments were made thereon. The last of such payments was made on June 5, 1924, and there remained a balance of $617.85 due at the time of the death of the husband.

Shortly following the death of her husband, the respondent was appointed administratrix of his estate, and has since continuously acted as such. The appellant's account was presented and allowed as a claim against the estate, and two payments have been made thereon under the order of the court in which the administration proceedings are pending; the one a payment of ten per cent of the amount thereof, made on December 31, 1925, and the other a payment of three per cent, made on January 4, 1927. The record does not show the value of the estate that came into the possession of the administratrix, but the claims presented against the estate and allowed were large, aggregating more than $200,000. It is stated, however, that the estate is insolvent, and that but a small additional payment will be made on the claims. The payments made on the appellant's claim were, of course, a distributive share of the property of the estate, payable to all of the claimants alike.

The present action is against the respondent upon her personal liability for the payment of the account, and was instituted more than three years after its incurrence. It may be explained that the respondent's individual liability arises from statute. By the

terms of the statute (Rem. Comp. Stat. § 6906), the expenses of the family are chargeable upon the property of both husband and wife, or the property of either of them, and in relation thereto they may be sued jointly or separately. It follows from the nature of the liability that the obligation of the separate spouses thereon arises when the account becomes due, and that neither the death of one of the spouses, nor an administration proceeding on the estate of the deceased spouse, will operate as an estoppel or a bar to an action against the surviving spouse. Payment from the estate of the deceased spouse will operate as a satisfaction of the claim, and a partial payment as a satisfaction *pro tanto,* and it may be that an estate paying the claim has no right of contribution against the surviving spouse, but the liability of the spouses to the holder of the claim is several, and the holder may maintain an action thereon against either of them at any time after the accrual of the account. It follows, further, that the spouse sued may set up any defense thereto he or she may have, and may also plead against a recovery the bar of the statute of limitations.

The appellant, as we understand the position of its learned counsel, does not question the foregoing principles. It concedes that the right of action against the respondent accrued prior to the death of her husband, and that, if the statute of limitations has not been tolled as against her, the statute is a bar to a recovery. It is contended, however, that the statute has been so tolled, and the circumstances pointed out as having that effect are the payments on the account made by the administratrix in the proceedings had in the administration of her husband's estate. The appellant advances two reasons in support of the contention, the first of which is that the payments were made by the respondent and from property in which

she had an interest. But these propositions are true only in a limited sense. The respondent made the payments in her capacity as administratrix of her husband's estate. The claim was a lawful charge against the estate, and she had no option to do otherwise than include it when distributing the assets of the estate among the lawful claimants. The payments were thus in no sense voluntary, even in the capacity in which she was acting, much less were they voluntary in a sense which would amount to an acknowledgment of her personal liability for the payment of the debt. Nor did she have an interest in the property in the sense that she had personal dominion over it, or the right to direct its disposition. The property was in the custody of the law, and her interests therein were inchoate. As a former member of the community composed of herself and her husband, she had the right to have one-half of so much of the community property as remained undisposed of at the close of the administration proceedings set over to her, but prior thereto, her interests were subject to the payment of the debts of the community, whether she willed it or not. To apply her interests to the payment of community debts, could not, therefore, be an acknowledgment of her personal liability for the payment of such debts.

A further contention is that, inasmuch as the respondent was jointly liable with the community for the payment of the debt, a payment made by her joint debtor, even though coerced by operation of law, tolled the statute as to her. The appellant has brought to our attention cases from other jurisdictions which support the contention, but they are founded on a rule which this court early repudiated. In *Stubblefield v. McAuliff*, 20 Wash. 442, 55 Pac. 637, it was held that payments on an obligation by one joint debtor, made

without authority of the other, would not toll the statute of limitations as to that other, even though made before the statutory bar had attached. In the case the authorities on the question were collected and extensively reviewed, and, while it appeared that the cases were not uniform, it was shown that the great weight of authority supported the conclusion we there reached. We have affirmed the rule in a number of later cases, our last expression on the question being found in the case of *Farmers & Mechanics Bank v. San Poil Consolidated Co.*, 126 Wash. 137, 217 Pac. 707.

We find no error in the ruling of the court below, and its judgment will stand affirmed.

MITCHELL, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.