[No. 23433. Department Two. November 19, 1931.]

J. G. ROBERTS, *Respondent,* v. ANTHONY M. WARNESS, *Appellant.*[1]

*H. E. Foster,* for appellant.

*J. W. A. Nichols,* for respondent.

HOLCOMB, J.—The amended complaint in this action, on which the case was tried by the court without a jury, after alleging the qualifications of Dr. W. C. Speidel, alleged that, at the request of appellant, he rendered professional, medical and surgical services to the wife of appellant at the Columbus hospital in Seattle, King county, Washington, the services consisting of and in the performance of a surgical operation upon the wife; that the services were of the value of two hundred fifty dollars; that demand had been made for payment which was by appellant refused;

[1] Reported in 5 P. (2d) 495.

that the account had been duly assigned in writing to respondent prior to the commencement of the action.

For answer to the amended complaint, appellant denied the allegations as to the rendition of any services at the request of appellant or that the services were rendered to the wife of the value of two hundred fifty dollars, and affirmatively alleged that Dr. Speidel, without the knowledge or consent of appellant, induced Emma C. Warness, wife of appellant, to submit to an operation performed by Dr. Speidel and that, as a result thereof, Emma C. Warness, then in good health, died on account of the carelessness and lack of skill and ability on behalf of Dr. Speidel. By reply, respondent denied the malpractice.

On the trial, appellant offered and was allowed to introduce the further defense that his wife's estate had been probated, and that no claim had been filed for the debt on which this action rests. The evidence was admitted over the objection of respondent.

After the trial, the trial court made a memorandum decision in which he included findings, in substance, that, on February 13, 1929, and up to the time of the death of Emma C. Warness, appellant and she were husband and wife, and resided in King county, Washington; that, on February 13, 1929, Dr. Speidel, a duly licensed and practicing physician and surgeon, at the request of appellant's wife, Emma C. Warness, rendered professional, medical and surgical services to the wife of the reasonable value of two hundred fifty dollars; that appellant visited his wife at the hospital on the day of the operation, February 13, 1929, and daily thereafter; that the wife died about one month after the operation; that the wife died testate in Seattle, on March 13, 1929, and her estate was probated in the superior court of King county, Washington; that appellant, as her surviving husband, was

devised all of the community property of the estate, excepting five dollars, the estate being appraised at five thousand dollars, and appellant was named as executor of the last will and testament of the decedent; that Dr. Speidel did not present nor cause to be presented any claim against the estate for his services.

Judgment was accordingly entered in favor of respondent for the sum of two hundred fifty dollars and costs.

On appeal, the first error urged is that the amended complaint, of itself and after the evidence which, it is declared, was improperly admitted, does not state facts sufficient to constitute a cause of action.

Appellant asserts that, before respondent should be permitted to prevail in this case, his pleadings and evidence should come within the purview of Rem. Comp. Stat., § 6906, and that it is necessary for his complaint to show that this claim came within the purview of ordinary medical aid and advice, and that the claim was duly presented to the executor and allowed by him and by the court, and that there are no assets of the estate of the decedent to pay it.

Rem. Comp. Stat., § 6906, provides:

"The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

Appellant cites *Russell v. Graumann,* 40 Wash. 667, 82 Pac. 998, as supporting his contentions above stated. It is true that, in that case, the claim had been filed against the estate of a deceased husband. The complaint there also averred that the deceased and defendant were husband and wife, and that they at all times mentioned in the complaint maintained the status and relationship of a family, mutually contributing to each other's aid and support of such family.

Allegations were then made as to the appointment of the administrator, presentation of claims, etc.

In discussing the case, we said that ordinary medical aid and advice for the wife create family expenses; that the husband is a part of the ordinary family, and under a statute providing in general terms for liability for expenses to a family, as does our statute quoted above, we could see no reason why medical and hospital services rendered to a husband are not as fully comprehended in the statute as are those rendered to a wife. It was there urged that there was necessity to establish the family relationship, and that otherwise the statute would not apply. We held that was not necessary, although the trial court had so held in deciding in favor of the wife, which we reversed and directed judgment for appellant.

In a more recent case, *Haddad v. Chapin*, 153 Wash. 163, 279 Pac. 583, with reference to claims for family necessities under the above statute, we held that, by the terms of the statute, the expenses of the family are chargeable upon the property of both husband and wife, or the property of either of them, and in relation thereto they may be sued jointly or separately; that, from the nature of the liability, the obligation of the separate spouses thereon arises when the account becomes due, and neither the death of one of the spouses nor an administration proceeding on the estate of the deceased spouse will operate as an estoppel or a bar to an action against the surviving spouse.

Under the provisions of the statute above quoted, and these cases, the surviving husband is separately suable for such claim as medical service, and the obligation is a separate liability.

Although the complaint is possibly somewhat deficient, the allegation therein that the medical and surgical services were rendered to the wife of appel-

lant, by fair intendment alleges that the marriage relation and family status existed at the time of the performance of the service.

Appellant also argues that the findings of the trial court were not sustained by the evidence, and sets out much evidence of appellant to sustain that argument.

The trial court evidently did not accept that testimony as credible, but on the contrary accepted that on behalf of respondent.

After an attentive consideration of the facts, we cannot say that the evidence preponderates against the findings of the trial court.

The judgment is affirmed.

TOLMAN, C. J., MAIN, and MILLARD, JJ., concur.

BEALS, J., concurs in the result.