RENA MALAKOFF, Plaintiff, *v.* ANNA FRYE, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, December 9, 1935.

*Isadore Solkoff*, for the plaintiff.

*Sullivan & Cromwell [John F. Dooling, Jr.*, of counsel], for the defendant.

WINTER, J.   The plaintiff, an alleged assignee of Clarence E. Kefauver, has sued the defendant here to recover the purchase price of certain groceries and other family necessaries sold to defendant and her husband at Seattle in the State of Washington.   The case is before the court on depositions of Mr. Kefauver and of the defendant taken in Washington and on stipulations of counsel as to the laws of Washington.

At the trial of the case, testimony of the plaintiff established that she was not an assignee of the claim in suit, but merely an agent of Mr. Kefauver to collect the claim and that he was the real party in interest.   By agreement of counsel, however, this defect was cured by plaintiff securing and submitting to the court a proper assignment in writing of the claim.

This action was commenced by the service of a summons on the defendant in New York city on the 18th day of May, 1933. Indorsed on the summons was a statement of a cause of action " on a promissory note dated Sept. 1, 1929, executed by the defendant to the order of Clarence E. Kefauver in Seattle, Washington, bearing interest at the rate of 8%," etc.   Defendant answered a general denial and that the signature to the note was not genuine. Thereafter on January 19, 1934, pursuant to an order of the court, an amended complaint was filed herein stating a different cause of action as follows: " For a balance of $341.76 due for groceries sold and delivered to the defendant at her instance and request and for her benefit by the plaintiff's assignor C. E. Kefauver, no part of which has been paid," etc.; also, " for a balance of $341.76 upon an account stated on or about September, 1929."   To this complaint

defendant answered a general denial and pleaded payment and the Statute of Limitations.

From the testimony in this case, I find that plaintiff's assignor, Mr. Kefauver, sold and delivered to the defendant, Mrs. Frye, and her husband, Herman S. Frye, groceries and other family necessaries in the amount and for the price of $391.76. The sales were made at Mercer Island, King county, Wash., during a period ending not later than August, 1926, when the last deliveries were made. All the parties were residents of that place; Mr. Frye until his death in June, 1930, and the other two up to the present. At the time this indebtedness was contracted and until Mr. Frye's death, the defendant lived with him at Mercer Island, they being married to each other. When the defendant quit trading with plaintiff's assignor, she told her husband that until this bill was paid she would not trade with plaintiff's assignor any longer, and Mr. Frye said he would take care of it, leading her to believe that it was paid.

On September 1, 1929, without Mrs. Frye's knowledge, plaintiff's assignor struck a balance with Mr. Frye and secured his signature to a promissory note in the amount of $391.76 payable to C. E. Kefauver, with interest at eight per cent, together with reasonable attorney's collection fees. This note was taken by plaintiff's assignor to settle up the grocery bill. On October 31, 1929, a payment was made by some one, $50 on account of principal and $5.20 interest on the note. Defendant did not make these payments nor was she aware of them.

Defendant was absent fourteen months from the State of Washington from the 1st of April, 1929, to the 28th of June, 1930, when Mr. Frye died. Thereafter she went to New York city and resided there from September, 1932, until June, 1933, or nine months, when she returned to Seattle.

Plaintiff predicates defendant's liability on section 6906 of Remington's Revised Statutes of Washington. That provides: " The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

This statute was not pleaded and is not available to plaintiff without an amendment of the pleadings to conform to the proof. Without this, plaintiff must resort to the common law as announced by the courts of this State. Under that the husband is liable for necessaries furnished the family whether at his request or that of the wife. The wife is liable only upon the pledge of her individual credit, otherwise she is held to be the agent of her husband in ordering the goods. There is no evidence in this record that this defendant in ordering these necessaries agreed to pay for them out of her separate estate. (*Lindholm* v. *Kane,* 92 Hun, 369.)

Even were this technical defect in plaintiff's case corrected by an amendment of the pleadings to conform to the proof, in my opinion this statutory action is barred by the limitations of section 13 of the Civil Practice Act of this State and sections 155 and 159 of Remington's Revised Statutes of the State of Washington.

The cause of action against Mrs. Frye on her separate liability under the Washington statute arose in August, 1926, when the last items of the account were delivered and the account became due. (*Haddad* v. *Chapin*, 153 Wash. 163, 165; 279 P. 583; *Roberts* v. *Warness*, 165 Wash. 266, 269; 5 P. [2d] 495.) This action on the account and for the goods sold and delivered was commenced on the 30th day of January, 1934, when the amended complaint was served and the action on the note was abandoned; and the action on the Washington statute must also be deemed to have been commenced at the time when that was first pleaded. More than seven years and four months thus have elapsed between the time when the cause of action accrued and the commencement of these actions. (*Bruce* v. *First National Bank*, 180 Wash. 614; 41 P. [2d] 779.) The statutes of Washington under section 13 of our Civil Practice Act control here, and they limit the time within which plaintiff can have commenced these actions to within three years after the cause of action shall have accrued. (Rem. Rev. Stat. of Washington, §§ 155, 159.)

It is urged, however, by plaintiff that the operation of the statute was tolled on September 1, 1929, by Mr. Frye when he signed his note acknowledging the indebtedness of $391.76 and promising to pay it with eight per cent interest and attorney's fees, and also on October 31, 1929, when he paid $50 on the principal of the note and $5.20 on account of interest at eight per cent. From this period of three years, six months and seventeen days elapsing from October 31, 1929, when the action was revived, up to May eighteenth, when the action on the note was commenced, or from the period of four years and three months elapsing from the alleged tolling of the statute up to the amended complaint, plaintiff urges that the periods of defendant's absences from the State of Washington must be deducted. These include eight months in California from the date of last tolling of the statute to her return in June, 1930, and also ten months in New York city from September 1, 1932, to June 30, 1933, a total of one year and six months. Should these periods not be taken as part of the time limit for the commencement of the action, then the amended complaint would have been filed within the three-year limitation. In support of this plaintiff cites section 168 of Remington's Revised Statutes: " If the cause of action shall accrue against any person who is a nonresident of this state, or

who is a resident of this state and shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the coming, or return of such person into the state, or after the end of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action."

On the facts in this case, that section does not suspend the running of the Statute of Limitations for the period urged by the plaintiff and necessary to defeat this defense. Defendant's absence of eight months in California must be deemed or taken as part of the time limit for the commencement of the action. The statute is not suspended for that period, because during the entire time she maintained a house at Mercer Island, King county, in the State of Washington, where her husband resided with her. Under section 226 of Remington's Revised Statutes, personal service of a summons could have been effected by leaving a copy of it at this abode with her husband or some other person of suitable age, and this action thereby commenced. (*Crowder* v. *Morphy*, 61 Wash. 626; 112 P. 742.)

I am also of the opinion and decide that the signature of Mr. Frye on his promissory note for the amount of the balance due on the open account, together with interest at eight per cent and attorney's collection fees, did not toll the statute as to Mrs. Frye, whether or not it had that effect as to him. Nor did it constitute payment or a settlement of Mrs. Frye's liability whether or not it paid off or settled that of Mr. Frye. Their liability under the statute sued on here (Rem. Rev. Stat. § 6906) was joint and several. Under the authorities of this State and of Washington and elsewhere, " part payment by one person, being equivalent to a new contract based upon an old consideration, upon which a cause of action accrues at the time of the payment, binds only the person making the payment, or one whom he has authority to bind by a new contract to pay the balance." (*Stubblefield* v. *McAuliff*, 20 Wash. 442, 448; 55 P. 637, 639; *Haddad* v. *Chapin, supra; Farmers & Mechanics' Bank* v. *San Poil Consol. Co.*, 126 Wash. 137; 217 P. 707; *Van Keuren* v. *Parmelee*, 2 N. Y. 523; *Hoover* v. *Hubbard*, 202 id. 289.)

That Mr. Frye had no authority direct or implied from defendant to execute this note and obligate her to pay eight per cent interest and attorney's fees or to extend her individual liability on the account is perfectly clear from the testimony. She was absent from the State at the time and had been for five months. She had

wanted her husband to pay the bill instead of extending the credit further and had stopped trading with the creditor because of her shame at the size of the bill. She thought the bill had been paid until the note was produced several months after her husband's death. If on this testimony Mr. Frye's note can be considered her authorized act, then it must have been given in settlement of her liability as well as his and must have wiped out the entire obligation because that is what she told him to do, and all that he could commit her to.

Nor could authority to bind Mrs. Frye's separate estate be implied because this was a community debt. Section 6891 of the Revised Statutes has completely emancipated in Washington the separate estate of the wife from any control of the husband. As to community property alone, section 6892 of the Remington Revised Statutes of Washington provides that " the husband shall have the management and control of community personal property, with a like power of disposition as he·has of his separate personal property, except he shall not devise by will more than one-half thereof." The community, however, is merely a relation between the husband and wife with regard to property acquired by either or both during coverture. It is not a partnership or an entity. Upon the death of one of the spouses, it is as dead in law as is the deceased individual. (*Bank of Montreal* v. *Buchanan*, 32 Wash. 480; 73 P. 482, 483.) The wife member of a marital community is not jointly and severally liable for a community debt and her property is not liable for a judgment against the community. All the rights and incidents of an existing community relationship cease the instant one of the spouses dies. By a fiction of law, the community is deemed to continue for liquidation of the estate. The authority of Mr. Frye to bind Mrs. Frye by his note given for a community debt is limited exclusively to her interest in the community property. He could not bind her separate estate. (*Stubblefield* v. *McAuliff*, 20 Wash. 442; 55 P. 637; *Bortle* v. *Osborne*, 155 Wash. 585; 285 P. 425.)

Whether or not the decree of the Superior Court of the county of King, State of Washington, in the action brought by this defendant against plaintiff and her assignee, dissolving an injunction against maintaining the instant action, is *res adjudicata* as to any of the issues in this action cannot be decided on this record. Nothing appears in the stipulation about that action to indicate what issues were before that honorable court or what was decided other than that the injunction would not lie. That might well be for several reasons, none of which can possibly affect the issues here.

For the reasons given herein, I am awarding judgment in favor of the defendant, dismissing the complaint on the merits.