AMERICAN NAT. BANK OF TISHOMINGO v. ROBERTS.

No. 947.   Opinion Filed July 11, 1911.

(116 Pac. 774.)

**JUSTICES OF THE PEACE**—Verification of Pleading—''Suit on Account.''   A suit before the justice of the peace to recover alleged usurious interest on three separate loans is not a suit on account, within the contemplation of Wilson's St. Okla. 1903, sec. 4312; and, if it were, proof thereof would not be dispensed with under said statute by general verification of the bill of particulars.

(Syllabus by the Court.)

*Error from Johnston County Court; Nick Wolfe, Judge.*

Action by N. E. Roberts against the American National Bank of Tishomingo.   Judgment for plaintiff, and defendant brings error.   Reversed and remanded.

*Young & Stobaugh,* for plaintiff in error.

*Garrett & Bingham,* for defendant in error.

TURNER, C. J.   In December, 1908, N. E. Roberts, defendant in error, sued the American National Bank of Tishomingo, plaintiff in error, before a justice of the peace for Johnston county.   His verified bill of particulars discloses that the object of the suit was to recover on three separate loans, in all $146.66, alleged usurious interest, pursuant to Rev. St. U. S. §§ 5196-5198, paid by him to plaintiff in error.   After demurrer thereto overruled, and unverified answer filed, in effect a general denial, there was judgment for plaintiff, from which defendant appealed to the county court of that county.   There defendant again in-

terposed its demurrer, which was overruled, and exceptions saved, after which, to maintain the issues on his part, plaintiff introduced in evidence, without objection, his bill of particulars, and moved the court to instruct the jury to return a verdict for him, which was done, for $146.66. After judgment rendered and entered, the defendant bank brings the case here.

It complains that the court erred in directing the verdict because, it says, there was no evidence to support the verdict. In support of the ruling of the court, plaintiff contends that his action was, in effect, a suit on account, the correctness of which was duly verified, and, as the same was not denied under oath, as provided by Wilson's Statutes of Oklahoma of 1903, § 4312, the court did not err in directing the verdict and rendering the judgment complained of. This contention is wrong. The account, if such it can be properly called, set forth in plaintiff's bill of particulars, is not within the contemplation of said section, and, if it were, it would not be sufficient verification thereof under the statute, so as to dispense with proof thereof at the trial, to verify generally the bill of particulars.

This case is governed by the law laid down in *Myers v. First Presbyterian Church,* 11 Okla. 544, 69 Pac. 874. There the court said:

"In order to dispense with proof of an account alleged upon one side and denied upon the other, it is not sufficient to verify generally the petition. The statute says: 'The correctness of any account, duly verified by the affidavit of the party, his agent or attorney, shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney.' This contemplates a stated account duly verified, and the petition must allege the correctness of the verified account attached. *Cook et al. v. Burnham et al.,* 3 Kan. App. 27 [44 Pac. 447]."

The cause is reversed and remanded for a new trial.

All the Justices concur.