## BUCHANAN v. STATLER & HERNDON.

No. 1537.   Opinion Filed February 6, 1912.

(120 Pac. 658.)

1.   **JUSTICES OF THE PEACE**—Procedure—Pleading—Verification.
To avoid the necessity of proving an account sued on in the justice court, it is not sufficient to verify the bill of particulars generally. The statute contemplates an account stated duly verified by affidavit and attached to the bill of particulars, and an allegation of the bill of particulars of the correctness of the account.

2.   **SAME.** When there is no sufficient verification of the account, and no sufficient allegation of its correctness, it is error to sustain a motion for judgment on the pleadings.

(Syllabus by Ames, C.)

*Error from Coal County Court;*
*R. H. Wells, Judge.*

Action by Statler & Herndon against Joe Buchanan on open account. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*G. T. Ralls,* for plaintiff in error.

*Cutler & McInnis* and *George Trice,* for defendants in error.

Opinion by AMES, C.   This suit was instituted in a justice court of Coal county, where judgment was rendered for the plaintiffs. The defendant appealed to the county court. The case came on for trial, a jury was impaneled, and the defendant, for the first time, asked leave to file an answer, under oath, denying the correctness of the account sued on. The court refused leave. Thereupon the plaintiffs moved for judgment on the pleadings, which was granted, on the ground that the suit was upon a verified account, which was not denied under oath.

The bill of particulars and the affidavit attached are as follows:

"Comes now the plaintiff and for his cause of action against the defendant allege: That the defendant is indebted to them

in the sum of thirty-three dollars and forty cents ($33.40) for merchandise and rent due from cotton furnished at the instance and request of the defendant as shown per itemized statement marked 'A,' hereto attached and made a part of this bill of particulars. That said debt is just and due and unpaid and there are not credits or offsets thereon. Wherefore plaintiffs pray judgment against said defendant for thirty-three and 40-100 dollars ($33.40), with cost of suit, together with a reasonable attorney fee.

"Statler & Herndon."

"B. Statler, of lawful age, and being duly sworn according to law, deposes and says: That he is one of the plaintiffs above named, and that the allegations therein contained in plaintiff's bill of particulars are true.

"B. Statler.

"Subscribed and sworn to before me this 26th day of October, 1908.

"John M. Moore,
"Justice of the Peace."

Following the affidavit was an account which was not verified. The statute relative to the procedure before justices provides:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or any appointment or authority, or the correctness of an account duly verified by the affidavit or affirmation of the party, his agent, or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the opposite party, his agent or attorney." (Comp. Laws 1909, sec. 6348.)

This is substantially the same as the provision relative to the practice in the district courts, which was construed in *Myers v. First Presbyterian Church*, 11 Okla. 544, 69 Pac. 874, where the first paragraph of the syllabus is as follows:

"To avoid necessity of proof of an account declared on in the petition and denied by the answer, it is not sufficient to verify the petition generally. The statute contemplates an account stated, duly verified as to its correctness and attached to the petition, and the petition should specially allege the correctness of the verified account so attached."

See, also, *American National Bank, Tishomingo, v. Roberts,* 29 Okla. 221, 116 Pac. 774.

It will be observed that the bill of particulars in this case does not allege that the account attached is correct, that the account attached itself is not verified, and that the verification is merely in general terms that the allegations of the bill of particulars are true.

Under this statute and this decision, the plaintiffs should have been put to their proof. It was therefore error to sustain the motion for judgment on the pleadings, and the case should be reversed and remanded.

By the Court: It is so ordered.