## EL RENO VITRIFIED BRICK & TILE CO. v. C. W. RAYMOND CO.

No. 4082. Opinion Filed May 11, 1915.

(148 Pac. 1000.)

**PLEADING—Action on Account—General Denial—Petition.** To relieve the plaintiff of the necessity of proving an open account, as against a general denial of the defendant, there must not only be a copy of the account, properly verified, attached to the petition, but the petition must allege the correctness of such verified account.

(Syllabus by Dudley, C.)

*Error from County Court, Canadian County;*

*W. A. Maurer, Judge.*

Action by the C. W. Raymond Company against the El Reno Vitrified Brick & Tile Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*H. L. Fogg,* for plaintiff in error.

DUDLEY, C. On October 30, 1911, the defendant in error, hereinafter referred to as the plaintiff, commenced this action, in the county court of Canadian county, against the plaintiff in error, hereinafter referred to as the defendant, to recover the sum of $318.10, and interest, upon an open account for goods, wares, and merchandise sold and delivered. The petition, omitting the caption, the allegation as to the corporate existence of the parties, and the itemized account attached thereto, is as follows:

"That the defendant is indebted to plaintiff for goods, wares, and merchandise sold and delivered by plaintiff to the defendant at a special instance and request of defendant, during the year

1910, in the sum of $318.10, with interest thereon from the 15th day of September, 1910, at the rate of 6 per cent. per annum. An itemized, verified statement of said account is attached hereto and made a part hereof, marked Exhibit A. That said sum of $318.10 and interest at 6 per cent. from September 15, 1910, is due and unpaid, and the defendant has failed and refused to pay same or any part of same though often requested to do so. Wherefore plaintiff prays judgment for said sum of $318.10, and interest from September 15th at 6 per cent. per annum and cost of suit. The C. W. Raymond Company, Plaintiff, by W. M. Wallace, Its Atty."

An itemized statement of the account was attached to the petition and verified as follows:

"The State of Ohio, Montgomery County—ss.:

"R. D. Funkhouser, being first duly sworn, on oath says: That he is the treasurer of the C. W. Raymond Company, a corporation duly organized and existing under and by the laws of the state of Ohio, with its principal place of business in the city of Dayton, in said county and state; that the El Reno Vitrified Brick & Tile Company, of El Reno, Oklahoma, is indebted to the said C. W. Raymond Company, on account, in the sum of $318.10, as shown by the attached itemized account attached hereto, with interest thereon from the 15th day of September, 1910, at the rate of 6 per cent. per annum; that said account is just and due and all credits and offsets have been allowed on the same, and that the items set forth in said account were delivered to said El Reno Vitrified Brick & Tile Company, and said account is unpaid. R. D. Funkhouser.

"Subscribed and sworn to before me this 24th day of October, 1911. Alfred Swift Frank, Notary Public in and for Montgomery County, Ohio. [Seal.]"

Defendant filed an unverified general denial, and following this the plaintiff filed a motion for judgment on the pleadings, which was sustained, and from this judgment the defendant has appealed, and assigns as error the action of the trial court in rendering judgment upon the pleadings.

A determination of the question presented involves the construction of section 4759, Revised Laws 1910 (section 5648, Compiled Laws 1909), which is as follows:

"4759. Verification of Denial Required, When.—In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

This court, speaking through Chief Justice Burford, in the case of *Myers v. First Presbyterian Church of Perry,* 11 Okla. 544, 69 Pac. 874, construing this identical statute, announced this rule:

"To avoid necessity of proof of an account declared on in the petition and denied by the answer, it is not sufficient to verify the petition generally. The statute contemplates an account stated, duly verified as to its correctness and attached to the petition, and the petition should specially allege the correctness of the verified account so attached"—citing *Cook v. Burnham,* 3 Kan. App. 27, 44 Pac. 447.

The Itemized statement of account attached to the petition is verified, but there is no allegation in the petition that the account so attached is correct, and this being true, it was error to render judgment on the pleadings. The case of *Myers v. First Presbyterian Church of Perry, supra,* has been cited with approval, and in fact followed by this court in the following cases: *American National Bank of Tishomingo v. Roberts,* 29 Okla. 221, 116 Pac. 774; *Buchanan v. Statter et al.,* 32 Okla. 206, 120 Pac. 658; *Missouri, K. & T. Ry. Co. v. Lawson,* 37 Okla. 322, 132 Pac. 321. See, also, 1 Corpus Juris, sec. 168, subdivision 4.

The judgment of the trial court should be reversed and remanded.

By the Court: It is so ordered.