# MINERS' SUPPLY CO. v. CHESTNUTT-GIBBONS GROCER CO.

No. 4597. Opinion Filed July 6, 1915.

Rehearing Denied July 20, 1915.

(150 Pac. 686.)

1. **PLEADING—Petition—Verification—General Denial.** Where a plaintiff attaches a duly verified account to his petition, but does not specifically allege in the petition that the account is correct, the defendant is not required to deny the correctness of the account under oath, but may raise the issue by a general denial.

2. **SAME.** The statute upon its face not only requires that a verified account be attached to the petition, but also that the petition specifically allege the correctness of the account so attached, before the defendant is required to deny it under oath.

(Syllabus by Brett, C.)

*Error from District Court, Muskogee County;*
*R. C. Allen, Judge.*

Action by the Chestnutt-Gibbons Grocer Company against the Miners' Supply Company. Judgment for plaintiff, and defendant brings error. Reversed.

*E. R. Jones,* for plaintiff in error.

*Erwin Donovan,* for defendant in error.

Opinion by BRETT, C. This action was filed in the district court of Muskogee county by the Chestnutt-Gibbons Grocer Company, defendant in error, as plaintiff below, against the Miners' Supply Company, plaintiff in error, as defendant below. The parties will be referred to in this opinion as plaintiff and defendant, just as they appeared in the lower court.

The action was brought to recover the sum of $2,413.80 alleged to be due on an open account. The material part of the petition is as follows:

"For cause of action against said defendant Miners' Supply Company, plaintiff alleges that the said defendant is indebted to it in the sum of $2,413.80 upon account, for goods, wares, and merchandise sold and delivered to it by plaintiff, at its special instance and request, between the dates of August 20, 1910, and February 29, 1912, inclusive; that said account is long past due; and that no part of the same has been paid, although payment thereof has frequently been demanded. A verified copy of said account is hereto attached, marked Exhibit A. and made a part of this petition."

Plaintiff attaches the duly verified copy of its account to the petition as Exhibit A, and closes with prayer for judgment for the amount claimed to be due. The defendant filed an unverified general denial. Plaintiff filed motion for judgment on the pleadings, which was sustained by the court, to which ruling of the court defendant duly excepted. Judgment was rendered on the pleadings, and the defendant has perfected its appeal from that judgment to this court.

The sole question presented by the appeal is whether or not, under the pleadings, the court had a right to render judgment for the plaintiff on the pleadings. That question has been passed upon a number of times by this court; and it has in every instance been held that the statute means exactly what it says, and that, unless the allegations in plaintiff's petition conform to the statutory requirements, the defendant is not required to deny the petition under oath.

The statute is not, all accounts duly verified by affidavit of the party, his agent or attorney, shall be taken as true, unless the denial of same be verified; but is, in all actions, allegations of the correctness, of an account duly verified, by the affidavit of the party, his agent or

attorney, shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney. Section 4759, Rev. Laws 1910; section 5654, Comp. Laws 1909. This statute as it appears upon its face, and as it has been construed by this court, not only requires that a verified account be attached to the petition, but also that the petition "specifically allege the correctness of the verified account so attached." *Myers v. First Presbyterian Church of Perry*, 11 Okla. 544, 69 Pac. 874. And this certainly works no hardship on the plaintiff, but only requires that before he can demand a compliance with this statute, requiring a denial under oath, on the part of the defendant, he shall be held to comply with the terms of the statute himself.

And an examination of the petition in the case at bar reveals that there is no specific allegation that the verified account attached to the petition is correct. And the court erred in granting judgment upon the pleadings. *El Reno Vitrified Brick & Tile Co. v. C. W. Raymond Co.*, 46 Okla. 388, 148 Pac. 1000; *M., K. & T. Ry. Co. v. Lawson*, 37 Okla. 322, 132 Pac. 321; *Buchanan v. Statler et al.*, 32 Okla. 206, 120 Pac. 658; *American National Bank of Tishomingo v. Roberts*, 29 Okla. 221, 116 Pac. 774.

That the petition states a cause of action there can be no doubt, but under that petition an unverified general denial raised an issue, and was all that was necessary to put the plaintiff to the proof of the correctness of its verified account. And, instead of granting plaintiff judgment on the pleadings, the court should have required the plaintiff to prove the amount due on its account, and then rendered judgment for such an amount as was shown by competent evidence to be due. For the petition

nowhere alleges, in specific terms, the correctness of the verified account, which was necessary, before the defendant was required by the statute to file a denial under oath.

The judgment should be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.