### BERRY DRY GOODS CO. v. WARD et al.

No. 17204—Opinion Filed Oct. 12, 1926.

**1. Limitation of Actions—When Properly Presented by General Demurrer and Motion for Judgment on Pleadings.**

A general demurrer to a petition, or motion for judgment on the pleadings, presents the question of statute of limitation for decision, where the petition shows on its face that the action is barred.

**2. Same — Judgment for Defendants Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pittsburg County; J. H. Linebaugh, Assigned Judge.

Action by the Berry Dry Goods Company against J. L. Ward et al. for damages on account of alleged fraud. Judgment for defendants on general demurrer, and motion for judgment on pleadings. Plaintiff brings error. Affirmed.

A. C. Markley, for plaintiff in error.

J. G. Rawls and Cook & Cook, for defendants in error.

Opinion by STEPHENSON, C. Among the several questions presented by this appeal, one involves the correctness of the court's ruling in sustaining a general demurrer to the petition on the part of some of the defendants, and sustaining a motion for judgment on the pleadings filed by the other defendants.

The amended petition charges that J. L. Ward was indebted to the Berry Dry Goods Company, and assigned a note and real estate mortgage executed to him by Henry J. and Mary E. Ward, to the Berry Dry Goods Company as collateral security for the indebtedness. The Dry Goods Company further alleged that the mortgagor and mortgagee, acting together for the purpose of defeating the indebtedness owing to the Dry Goods Company by J. L. Ward, executed a release of the real estate mortgage, which was placed of record. The owners of the property then executed and delivered a mortgage thereon to G. C. Cochran and C. W. Cochran for the amount of about $7,000. Apparently the mortgage was received by the Cochrans in good faith, without knowledge of the rights claimed by the Dry Goods Company.

The petition shows on its face that the action for damages against the defendants was barred by the statute of limitations at the time the suit was filed. The general demurrer and motion for judgment on the pleadings were sufficient to present the question of the statute of limitations for a decision. The judgment against the plaintiff on the general demurrer and motion for judgment on the pleadings was not error. Martin et al. v. Gassert, 40 Okla. 608; 139 Pac. 1141.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 37 C. J. p. 1205, §708; p. 1211, §715; 17 R. C. L. p. 994; 3 R. C. L. Supp. p. 753. (2) 4 C. J. p. 1129, §3122.