Note.—See under (1) 4 C. J. p. 726, §2647; p. 897, §2867; p. 900, §2869; 2 R. C. L. p. 204; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73. (2) 9 C. J. p. 242, §193; p. 243, §194; p. 244, §196; p. 246, §199; 4 R. C. L. p. 30; 1 R. C. L. Supp. p. 1068. (3) 38 Cyc. pp. 1953, 1961.

---

## BAYERS v. GAMBLIN et al.

No. 17985.　Opinion Filed Feb. 21, 1928.

(Syllabus.)

1. **Continuance—Discretion of Trial Court —Refusal for Insufficient Showing.**

The continuance or postponement of a cause is within the discretion of the trial court, and a motion made by attorneys representing the defendant for a continuance which is not verified and states no legal grounds for a continuance is insufficient and it is not an abuse of discretion to overrule the same.

2. **Limitation of Actions—Statute as Defense—Burden of Proof—Effect of Petition Itself Showing Cause of Action Barred.**

The statute of limitations is an affirmative defense that must be pleaded and proven by the parties asserting or claiming it; yet there is a well-defined exception to this rule. When a petition shows that the cause of action asserted is barred by the statute of limitation applicable to the particular cause of action asserted and the statute of limitation is offered as a defense thereto, the burden is on the plaintiff to plead and prove the facts relieving such action from the bar of the statute of limitation.

3. **Appeal and Error—Verdict Reasonably Supported by Evidence not Disturbed.**

In a law action, where there is any competent evidence reasonably tending to support the verdict of the jury, the judgment of the trial court based thereon will not be disturbed on appeal.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by E. U. Gamblin and another against G. W. Bayers, doing business as the G. W. Bayers Investment Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Arthur R. Morrison and Mounts & Chamberlin, for plaintiff in error.

Wilson & Roe, for defendants in error.

CLARK, J. Defendants in error were plaintiffs below; plaintiff in error was defendant below. Parties will be referred to as they appeared in the trial court.

Plaintiffs commenced this action in the district court of Tillman county against the defendant. Plaintiffs' petition alleged that defendant was indebted to them in the sum of $2,000 as a commission due them as real estate agents for a lease bought by defendant; that the defendant had admitted in writing to these plaintiffs that he owed the same. (Copy of said writing is attached to plaintiffs' petition.) Plaintiffs alleged that since the 2nd day of October, 1919, the defendant had been continuously a nonresident of the state of Oklahoma, and as such returned to said state on or about the 15th day of November, 1925. Plaintiffs prayed judgment for the sum of $2,000, with interest.

Defendant answered by way of general denial and pleaded the statute of limitation.

The cause was set for trial, came on to be heard on the 25th day of May, 1926, at which time attorneys for the defendant moved the court for a continuance, said motion being as follows:

"Now comes the defendant and states to the court that he cannot go to trial at this time for the want of the presence of his client, and also leading counsel in this case, Arthur R. Morrison; that he does not know why said parties did not appear at this time, but that he received a telegram from them on this day stating they are on the road from Denver, Colo., to Frederick. Okla., and defendant, through his attorneys Mounts & Chamberlin, asks that the case be postponed until that date in order that the defendant may be present at the trial."

Motion was by the court denied: the trial was had to a jury; verdict returned in favor of the plaintiffs. The court entered judgment thereon, from which action of the court defendant, plaintiff in error, appealed.

Plaintiff in error's petition in error contains 18 assignments of error, which will be considered under two heads:

"First. That the court erred in overruling defendant's application for postponement of the trial from Tuesday, May 25, 1926, until Wednesday, May 26, 1926, when the

facts were that the defendant was ill and could not get to Frederick on or before May 26th, as shown by affidavits, telegrams, and records."

In this state postponement or continuance of a cause is in the discretion of the trial court. Plaintiff in error cites several cases holding that a cause will be reversed for an abuse of this discretion by the trial court, but in all cases cited by plaintiff in error a proper motion, supported by affidavits, stating the facts and reason for the continuance, was first submitted to the trial court. In this case no proper affidavit or facts were submitted to the trial court as grounds for continuance. The facts set out in the motion for a new trial were within the knowledge of the plaintiff in error and his attorneys, and if to be relied on as a ground for continuance, should have been submitted in a proper motion or application for a continuance to the trial court at the time continuance was asked. We, therefore, conclude that, under the application filed and the facts and circumstances presented to the court in this case, the court did not abuse his discretion in refusing to continue this cause.

. "Second. Because the court erred in not sustaining the defendant's demurrer to the evidence in this case."

The defendant contends that the evidence was insufficient to submit this cause to the jury. The evidence of one of the plaintiffs was to the effect that defendant had admitted in writing that he was indebted to the plaintiffs in the sum of $2,000. The instrument was admitted in evidence. It is as follows:

· "Messrs. Gamblin & Johnson, Frederick, Okla. I hereby acknowledge that I am indebted to you in the sum of $2,000 (two thousand dollars) which is balance of commission due you on lease from S. E. Russell, Cass Hill and others, known as the Barber and Russell lease, in the bed of Red river. We are about to close a drilling contract on same, and will put up a cash forfeit of $2,-500 as out of which we will pay you the $2,000 as soon as the well is down 1,000 feet, unless otherwise paid before. Yours truly, G. W. Bayers, Inv. Co. By G. W. Bayers."

We think this is sufficient evidence, not only to go to the jury, but to make out a prima facie case that the defendant was indebted to plaintiffs in the sum of $2,000.

Defendant contends, plaintiffs' petition showing on its face that the statute of limitation had run on the claim or cause of action, that the burden of proving the defend-ant had been out of the state of Oklahoma and thereby tolled the statute of limitation was on the plaintiffs. Defendant cites the cases of Torrey v. Campbell, 73 Okla. 201, 175 Pac. 524, and Hoggett v. Emerson, 8 Kan. 262, in support of this contention. We think that is a correct rule and the burden was on the plaintiffs to establish, not only that the defendant was a nonresident of the state of Oklahoma, but that he was out of this state and remained out of the state during the period in which the stat-ute is sought to be tolled. The plaintiffs' evidence, we think, was sufficient to go to the jury, and this being a question of fact for the jury to determine, and the same was presented to the jury under proper in-structions by the court, the same will not be disturbed by this court on appeal.

We think the verdict of the jury was am-ply supported by the evidence; the instruc-tions fairly presented the law on the issues joined. There was no error which would. justify this court to reverse this cause. The judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, HUNT, RILEY, and HEFNER, JJ., concur.