## RAY v. OKLAHOMA FURN. MFG. CO.

No. 23574. Sept. 25, 1934.

Rehearing Denied Jan. 29, 1935.

Erwin & Erwin, for plaintiff in error.

T. G. Chambers, Jr., for defendant in error.

BAYLESS, J. This is an appeal from the district court of Lincoln county, Okla., wherein the Oklahoma Furniture Manufacturing Company, a corporation recovered judgment against the defendant, T. H. Ray, on two promissory notes. The defendant brings this appeal.

The plaintiff in its petition alleges, in substance: That it is a corporation licensed to do business in this state. That on the 8th day of February, 1923, the defendant became indebted to plaintiff, as evidenced by promissory notes, whereby he promised to pay the plaintiff on November 27, 1923, the sum of $832.93, with interest; that there was paid on said note, on October 10, 1928, the sum of $250; that there remained due the sum of $1,247.78, with interest. The second cause of action is the same as the first, except that the note matured October 23, 1923, which said notes, together with indorsements thereon, were attached to the petition and made a part thereof.

To the petition of the plaintiff the defendant filed answer denying generally all of the allegations contained in plaintiff's petition, and further, by way of answer, stated: That the debt was barred by the statute of limitations, and that plaintiff has

no right to maintain the action by reason of its having failed to pay the state license tax for the years of 1929-1930, 1930-1931, and 1931-1932.

At the trial the plaintiff offered in evidence the two notes sued upon, which were received in evidence over the objection of the defendant. Plaintiff then offered testimony of its attorney showing the principal place of business of the plaintiff was in Oklahoma City, Okla. Thereupon the defendant demurred to the evidence, which was overruled. It was agreed in open court that the plaintiff had not paid the license tax of the state of Oklahoma for the years 1929-1930, 1930-1931, and 1931-1932. Judgment was rendered for the plaintiff.

Only three of defendant's assignments of error are urged, which will be treated separately:

"Fourth Assignment: And the court erred in overruling defendant's demurrer to the evidence of the plaintiff."

We have held that where a written instrument is relied upon and is attached as an exhibit, its wording controls over a variance therefrom in the allegations relating thereto in the pleadings. Mason v. Slonecker, 92 Okla. 227, 219 P. 357. The note and the indorsements thereon are attached and made a part of the petition; therefore, they are the controlling part of the pleading.

The defendant pleaded, in an unverified answer, a general denial and the statute of limitations. This made no issue as to the execution, terms, or conditions of the note. In First State Bank v. Lock, 113 Okla. 30, 237 P. 606, we held:

"Where the plaintiff pleaded the execution of a promissory note and attached a copy of said note as an exhibit to the petition, and the defendants failed to deny the execution of said note under oath, the execution and terms of said note, as pleaded, are thereby admitted, and same was properly admitted in evidence."

We have also held, in Gillespie v. First National Bank of Kingfisher, 20 Okla. 768, 95 P. 220:

"The plaintiff in an action upon a negotiable promissory note, by introducing in evidence the note and indorsement of the payee thereon in blank, prima facie establishes his case."

See, also. 8 C. J. 1015 and 1042, and Baggish v. Offengand, 97 Conn. 312, 116 Atl. 614.

Therefore, if the note, with indorsements thereon, was properly admissible in evidence and the admission in evidence of the note with its indorsements made a prima facie case on the part of the plaintiff, the court made no error when it overruled defendant's demurrer to the plaintiff's evidence.

The defense of the statute of limitations is a personal affirmative defense to the defendant (see Tiger v. Brown, 130 Okla. 83, 265 P. 124, and Amer. Ins. Union v. Jones, 135 Okla. 101, 274 P. 478), and when the plaintiff made a prima facie case, as aforesaid, the burden then shifted to the defendant to establish the bar of limitations, which defendant failed to do, since they introduced no evidence.

The defendant's fifth assignment of error is:

"That the decision and judgment are not sustained by the evidence and are contrary to law."

In support of this assignment of error, defendant contends that the conditions of the notes, i. e.,

"This note shall at the option of the holder, become at once due and payable if any change takes place in the ownership of the business of the maker * * * or if any stock of goods or fixtures be damaged by fire, or if maker * * * or either of them become insolvent, or if I fail to pay any other indebtedness to the payee hereof at maturity, or if I be sued by any other creditor, or if a chattel mortgage be placed on his stock of goods or fixtures"

—are contrary to public policy and in restraint of trade, and therefore render the obligation unenforceable. With this contention we cannot agree. In 6 R. C. L. chap. 208, pp. 808-809, it is said:

"The rule invalidating contracts in restraint of trade does not include every contract of an individual by which his right to dispose of his property is limited or restrained. * * * It seems to be clear that, like agreements in restraint of trade, agreements restricting the use or sale of property must be reasonable to be valid. To such an agreement is likewise applicable the usual test of reasonableness, viz., whether the restriction imposed on one party is greater than is necessary for the protection of the other."

Further, it is said in 6 R. C. L. chap. 194, p. 789:

"No better test can be applied to the question whether a particular contract is

reasonable than by considering whether the restraint is such only as to afford a fair protection to the interests of the party in favor of whom it is given, and not so large as to interfere with the interests of the public. Whatever restraint is larger than the necessary protection of the party can be of no benefit to either; it can be only oppressive, and if oppressive it is, in the eye of the law, unreasonable. It seems that the extent of the restraint imposed by the contract would be of some importance in determining its reasonableness. * * *"

We are of the opinion that the only purpose of the conditions was to accelerate the maturity of the obligation, in the event of their happening, for the protection of the plaintiff. Such conditions did not prevent the sale of the property, but merely provided for an earlier maturity of the obligation in the event of the happening of the conditions therein stated. We are unable to find anything oppressive in the conditions complained of.

Defendant's sixth assignment of error is:

"That error was committed in permitting the plaintiff to prosecute its action and recover judgment therein when it was admitted that it had failed to pay the license tax and obtain certificates to do business in said state for the fiscal years of 1929-1930, 1930-1931, and 1931-1932."

In support of this contention, defendant cites section 9953, C. O. S. 1921 (chap. 66, S. L. 1931, art. 4, sec. 8, as amended by chap. 155, S. L. 1933, sec. 7), which provides:

"Every domestic corporation subject to the provisions of this article, which shall fail to file the annual statement and to pay the annual fees required by the provisions of this article for 60 days after the time provided therefor, shall forfeit its charter; and every foreign corporation failing to file its statement and pay the annual fees within the time required by the provisions of this article, shall forfeit its license and right to do business in this state; but the state shall have and retain a lien upon the assets of every kind and character in this state of every such delinquent corporation, and may enforce such lien in an action brought in the name of the state on the relation of the Attorney General or the Corporation Commission, in any court of competent jurisdiction in any county of the state where the property of such delinquent corporation may be found."

In this connection we said in Smith Rolfe Co. v. Wallace, 41 Okla. 643, 139 P. 248:

"A foreign corporation doing business in this state has complied with all the re-quirements of the Constitution (sections 43, 44, art. 9) and of the statutes (sections 1538-1540, Comp. Laws 1909) by filing a copy of its charter or article of incorporation, and designating an agent for the service of process as required, a failure to do which would render its contracts void, and close the courts to it in enforcing them (section 1541, Comp. Laws 1909; Rev. Laws 1910, sec. 1338) ; but it has failed to comply with, and pay the license tax required by chapter 57, Session Laws 1910 (sections 7538 to 7549, Rev. Laws 1910). Held, that the contracts of such corporation, while in such default as to the payment of the license tax, are not void, nor is its right to enforce them in the courts of this state to be denied."

The case of Polson v. Revard, 104 Okla. 279, 232 P. 435, cited and relied upon by defendant, is not in point because in that case there had been a suit instituted by the state and a judicial determination, forfeiting the charter. In the case at bar the state had not seen fit to bring an action to forfeit the charter, and the defendant cannot be heard to complain until plaintiff's charter has been forfeited by the state. In this connection see 7 R. C. L. chap. 731, p 724.

The judgment of the trial court is affirmed.

RILEY, C. J., and OSBORN, BUSBY, and WELCH, JJ., concur.

———

WELCH, J. (dissenting). It is a fundamental principle that a plaintiff must establish his right to recover by competent evidence, and that before the plaintiff in any action may recover judgment, he must both allege and prove every fact essential to his right to recover judgment on the cause of action sought to be asserted.

In Davis v. Kelley, 96 Okla. 17, 219 P. 923, this court held in paragraph 1 of the syllabus:

"The burden of proof rests upon the party having the affirmative as made by the pleadings, and such party must prove every essential fact necessary to establish his cause of action or defense."

And to the same general effect see Standard Marine Insurance Co. v. Traders Compress Co., 46 Okla. 356, 148 P. 1019; Fifth Avenue Library Society v. Phillips, 39 Okla. 799, 136 P. 1076; Kerker v. Bocher, 20 Okla. 729, 95 P. 981.

It is to be noted that this action was instituted in 1931 against T. H. Ray and Clara M. Ray, upon a promissory note signed by them in February, 1923, which by its

terms matured in November, 1923, more than seven years before this suit was filed.

To avoid the bar of the five-year statute of limitations (sec. 101, O. S. 1931), the plaintiff alleged in his petition:

"That on the 10th day of October, 1928, said defendants paid to said plaintiff the sum of $250 to be applied upon said note and interest. * * *"

While this suit was originally instituted against both makers of the note, it apparently was abandoned as against Clara M. Ray. She did not appear in any manner, and no judgment was taken or sought against her. The situation is therefore the same as if she had never been named in plaintiff's petition in the first instance. .

If that payment of $250 was made on October 10, 1925, as alleged, it was made barely within the five years after maturity. The statement in the petition, however, was sufficient to **allege** facts tolling the statute, and upon proper **proof** of the making of such payment, the plaintiff, in an action instituted within five years of the making of that payment, might properly recover from the one of the makers of the note who made that payment, or from both makers of the note, upon **proof** that both of the makers of the note made the payment. See section 107, O. S. 1931, and Eichman v. Culver, decided by this court October 16, 1934, 169 Okla. 495, 37 P. (2d) 640.

The difficulty arises by reason of the fact that the plaintiff offered **no competent evidence** to **prove** this quoted allegation of his petition. This court has often held that failure to introduce proof raised presumption that evidence would be against party failing to do so. A., T. & S. F. Ry. Co. v. Davis & Young, 26 Okla. 359, 109 P. 551.

The plaintiff corporation in its brief does not contend that any competent evidence of the fact of payment was offered. Plaintiff relies upon the provision of section 220, O. S. 1931, as obviating the necessity of proof of the making of that payment. That section in material part provides as follows:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment, of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

However, a careful examination of plaintiff's petition discloses **no allegation** whatever as to any indorsement on the note except the statement in the petition that,

"A copy of said note and indorsement thereon is attached hereto, made a part hereof and marked 'Exhibit A.' "

The exhibit attached to the petition is a copy of the promissory note, and of the notation on the back of the note as follows:

"Paid by check on October 10, 1928, $250,"

—but there is no specific allegation in the petition as to this or any other indorsement on the note.

Passing the more or less serious question whether this notation on the back of this note is such an "indorsement" as is contemplated in section 220, supra, I insist that it is not the indorsement appearing on the exhibit which is taken as true unless denied under oath, but it is the allegation of the petition as to the indorsement that in such case is by statute so taken as admitted. There being in this petition no such specific allegation, there is nothing in reference to this notation on the back of the note to be taken as true against either of the makers of his note, or against this defendant. The plaintiff here seeks to take advantage of a specific statute to excuse his failure to make proof. He must then bring himself within the terms of that statute. We have construed that statute when applied to a case almost identical in Berry v. Oklahoma State Bank, 50 Okla. 484, 151 P. 210. In that case we held in paragraph 1 of the syllabus:

"The statute, providing that in all actions allegations of the execution of written instruments and indorsements thereon shall be taken as true unless denied under oath, is specific, and requires a specific allegation of the indorsements in the petition, before the defendant is required to deny them under oath. It is the allegation of indorsements that the defendant is required to deny under oath, and not some indorsement not pleaded, but merely shown by an exhibit attached to the petition. And unless the indorsements are specifically alleged in the petition, the issues may be raised by an unverified denial."

And in the body of the opinion this court said:

" 'In all actions, allegations of the execution of written instruments and indorsements thereon * * * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or at-

torney.' Section 4759, Revised Laws 1910; section 5648, Snyder's Compiled Laws 1909.

"Then the question is: Was there such an allegation of the indorsements in the petition as would require the defendant to deny it under oath?

"The only reference to the indorsement of payments is found in paragraph 4 of the petition, and is as follows:

" 'That the interest on the said note has been paid to July 20, 1906, and that on April 15, 1907, there was credited on the said note the sum of $100, the proceeds of the sale of the security hypothecated at the time of the making of the same.'

"The first clause only says 'that the interest on said note has been paid to July 20, 1906,' but does not plead that the payment is indorsed on the note; consequently the defendant would not be required to deny that under oath, for no indorsement of it on the note is pleaded. And the fact that a copy of the note was attached to the petition would not relieve the plaintiff of the necessity of pleading the indorsement before it could require the defendant to deny it under oath. The statute is specific, and it is the specific allegation of the indorsement that the defendant is required to deny under oath; not something that may be shown by an exhibit attached to the petition.

"We do not recall that this particular clause of this section has been passed upon by this court, but its companion clause, 'that allegations of the correctness of an account duly verified by the affidavit of the party, his agent, or attorney, shall be taken as true, unless denial of the same be verified by the affidavit of the party, his agent, or attorney,' has been repeatedly construed; and in every instance it has been held that there must be a specific allegation of the correctness of the account in the petition, before the defendant is required to file a verified denial. Myers v. First Presbyterian Church of Perry, 11 Okla. 544, 69 P. 874; Buchanan v. Statler et al., 32 Okla. 206, 120 P. 658; American National Bank of Tishomingo v. Roberts, 29 Okla. 221, 116 P. 774; M., K. & T. R. Co. v. Lawson, 37 Okla. 322, 132 P. 321; El Reno Vitrified Brick & Tile Co. v. C. W. Raymond Co., 46 Okla. 388, 148 P. 1000; Miners' Supply Co. v. Chestnutt-Gibbons Grocer Co., 50 Okla. 151, 150 P. 686. And we think the same rule would apply to the clause under consideration, and that the statute requires that the petition specifically allege the indorsements, before the defendant is required to file a verified denial."

We have many times construed section 220, supra, when applied to actions upon verified accounts, actions on other character of contracts, and actions involving agency, corporations, guardianships, partnerships and bonds and the like. In those cases we have uniformly held that it is not the verified account, the contract or the document shown as an exhibit attached to the petition which is taken as true if not denied under oath, but that which is taken as true is the allegation in the plaintiff's petition as to the correctness of the verified account sued upon, or as to the execution of the exhibit, or as to the existence of the corporation or agency or partnership. And we have uniformly held that where there is no **specific allegation** in the petition of the correctness of the account sued upon, then nothing is taken as true or as admitted by an unverified denial, although the account sued upon is verified as shown by the account itself attached as an exhibit. And in all cases construing section 220, supra, we have held that it is only specific allegations in the petition, concerning the matters enumerated in that section, which are taken as true if not denied under oath. Many such cases are cited in the three full pages of annotations following section 220 in the official publication of our statutes. By these decisions this court has uniformly held that an unverified denial puts in issue every allegation of the petition except those specific allegations of the petition as to the execution of written instruments and indorsements thereon, allegations of the correctness of verified accounts, allegations of the existence of corporations, and like allegations enumerated in section 220. By that well settled rule the allegations of plaintiff's petition, in substance, that the statute of limitation had been tolled by part payment, was put in issue by the unverified answer of T. H. Ray. That issue was then one of fact to be established by the plaintiff by competent evidence.

There are various situations which if shown by evidence to exist will operate to toll the statute of limitations, or to relieve the cause of action from the bar of the statute, or to start the time of the statute to running afresh. Among them the making of a part payment (sec. 107, O. S. 1931), or the existence of a legal disability as to the plaintiff (sec. 102, O. S. 1931), or the absence of the defendant from the state, or his flight or concealment (sec. 104, O. S. 1931) ; but when a defendant pleads the limitation bar, then the applicable facts relied upon by a plaintiff to avoid the bar of the statute, in an action otherwise barred by the statute, must be both alleged and proven. The burden of proof rests on the plaintiff. It is so held in Shaw v. Dick-

inson, 65 Okla. 186, 164 P. 1150, paragraph 2 of the syllabus being as follows:

"In an action upon a promissory note, which upon its face shows that it is barred by the statutes of limitation of this state, and to which the defendant had pleaded such statutes as a bar, the burden is upon plaintiff to plead and prove facts relieving such action from the bar of the statutes of limitation."

Here the plaintiff alleged facts which would toll the statute of limitation, but no proof was offered. The defendant, T. H. Ray, answered by an unverified denial, among other defenses specifically pleading the bar of the statute of limitations. There is no statute requiring a plea of the statute of limitations to be verified. This court held in Theis v. Board of County Com'rs of Beaver County, 22 Okla. 333, 97 P. 973, in paragraph 5 of the syllabus as follows:

"Where a party pleads an exception to toll the statute of limitations, a general denial puts him upon his proof as to such allegation."

Upon trial, the plaintiff, over defendant's objections, introduced the note in evidence. The purpose in so doing is obscure. The execution of the note, as specifically alleged in the petition, was admitted by defendant's failure to verify his denial under the statute, section 220, supra. There was no plea of payment, lack of consideration, or other defense by way of avoidance of the terms of the note. No reason is shown why the plaintiff would not have been entitled to judgment without introducing his note, if plaintiff's contention is correct that the allegation of the fact of the making of the payment was admitted by failure to verify the answer pleading the bar of limitation. If plaintiff's contention in that regard is not correct, then surely the mere introduction of the note, bearing the notation "Paid by check on October 10, $250," purporting to be a statement of the fact relied upon to avoid the bar of the statute, would not stand as any affirmative proof of the truth of the fact which the notation or indorsement purports to state.

In Schlotfeldt et al. v. Bull et al. (Wash.) 50 P. 590, the Supreme Court of Washington held in the second paragraph of the syllabus as follows:

"Indorsements of payment on a note, without other proof of payment or of the assent of the maker to the indorsements, is insufficient to establish payment by the maker, so as to remove the bar of limitation."

In that case it appears that the defendant pleaded the statute of limitation, and in that case, as here, the trial court rendered judgment for the plaintiff, upon the theory that the indorsement on the note was sufficient proof of the fact that payment was made so as to toll the statute of limitation. But the Supreme Court of Washington reversed the judgment of the trial court. In the body of the opinion, in speaking of the questions raised, the court said:

"The first of these relates to the ruling of the trial court permitting the indorsements upon the note to be received without any other evidence of the fact of payment or of the assent of the defendants. In Haver v. Schwyhart, 39 Mo. App. 303, it was remarked: 'But is the indorsement alone evidence that the payment was made at the time stated in the indorsement? We think not. There should be other evidence showing that the indorsement was entered on the note at the time it purports to have been. * * * In order, then, for the indorsement to be competent evidence in the case at bar, it must be shown aliunde the indorsement itself that it was made by the holder, or by his direction before the statute had run.' And in Mills v. Davis, 113 N. Y. 243, 21 N. E. 68, it was held 'that an indorsement on the note of part payment by the payee is insufficient where there is no extrinsic proof of the time when the indorsement was made, or evidence of explanatory circumstances.' See, also, 13 Am. & Eng. Enc. Law, p. 752, under title 'Endorsements,' and authorities there collated.

"The court also, over the objection of defendants, permitted plaintiffs to introduce certain books kept by the banking firm of Ben E. Snipes & Co., plaintiffs' assignors, for the purpose of showing payments made on account of the notes. The evidence was inadmissible for the same reason that the indorsements on the note were inadmissible. They were merely self-serving, and not against the pecuniary interest of the party making them. To allow the books to be introduced under the circumstances of this case would but permit a person to make evidence for himself. 'An entry by a creditor, upon his own books, of an alleged payment of an account by a debtor, is not admissible, in a suit against the debtor, to remove the bar of the statute of limitations.' Libbey v. Brown (Me.) 7 Atl. 114. The court in that case quotes approvingly what is said by Chief Justice Bigelow in Townsend Bank v. Whitney, 3 Allen (Mass.) 455, viz.: 'A party is never permitted to introduce entries made by himself in support of his own case, except where they are offered to prove charges in shop books.' In Oberg v. Breen, 50 N. J. Law, 145, 12 Atl. 203, a suit on a book account, which

was admitted to be barred by the statute of limitations unless the plaintiff's book of account was evidence of payment on such claim, it was said: 'To bridge over this long period, the book contained a numerous train of credits of moneys paid. The book was proved as a book of original entries, and was offered to prove the account and the credits. It was rejected at the trial as evidence for the latter purpose. This decision, in my opinion, was clearly right. A man's book is not testimony in his own behalf touching the receipts of money by him.'

"Other rulings complained of were not, in our opinion, erroneous; but, for the reasons stated, the judgment and decree must be reversed, and the cause remanded."

In Topeka Capital Co. et al. v. Merriman (Kan.) 56 P. 757, the Supreme Court of Kansas held as follows:

"The payment of interest upon a debt evidenced by a promissory note starts the statute of limitation afresh, and the written indorsement of the interest payment upon the note is not essential.

"It is not the indorsement of a credit upon the note which revives liability; but an actual payment thereon, made and received as such, takes the case out of the operation of the statute."

The provision of the Kansas statute in force at that time was Civil Code, section 108 (Gen. Stat. 1901, sec. 4542), reading in material part as follows:

"In all actions allegations of the execution of written instruments and indorsements thereon, * * * shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

That is identical with the provision of our statute on which the plaintiff here relies.

In Catlin v. Mills et al. (Wash.) 247 P. 1013, the Supreme Court of Washington held in paragraph 2 of the syllabus as follows:

"In absence of satisfactory evidence of who indorsed payments on note, indorsements will be taken merely as self-serving declarations, of no weight in tolling statute."

In Smith v. Smith (Wyo.) 270 P. 174, the Wyoming Supreme Court considered a similar question. The statute of that state is quite similar to our own statute, and is in fact identical in substance to the effect that the making of a payment starts the limitation period running afresh. In that case the court held in paragraph 4 of the syllabus as follows:

"In action to recover balance due on note claimed to have been taken out of statute of limitations by partial payments thereon, under Comp. St. 1920, sec. 5579, indorsement of payments on note held not to show intention of maker in making payments."

In Lowery v. Gear, 32 Ill. 383, the Supreme Court of that state considered an action upon a promissory note with a plea of the statute of limitation, and in the body of the opinion said:

"The plaintiff relied upon an implied new promise arising upon the fact of a payment made by the defendant upon the note within 16 years. If the proof shows that, in fact, such a payment was made upon the note, then the law implies therefrom a new promise to pay the note. Two indorsements of payments appear upon the note, one of $30, and one of $15. Both these indorsements were made by Brown, the payee and holder of the note, when the maker was not present; consequently, they, of themselves, cannot impose upon the maker the obligation of a new promise. Brown could not by his own act make a promise in his own favor which would bind Gear. We must look to the evidence, then, independently of these indorsements, and see whether Gear did, in fact, make these payments with the design that they should be in part satisfaction of this note. * * *"

In this case the defendant, T. H. Ray, filed a general demurrer against the petition. That demurrer would have been good but for the fact that the petition of the plaintiff alleged a payment as relieving from the bar of the statute of limitation. The demurrer was properly overruled, but should have been sustained if that payment had not been so alleged. Froage v. Webb, 65 Okla. 149, 165 P. 150; Webb v. Logan, 48 Okla. 354, 150 P. 116; Fabric Fire Hose Co. v. Town of Afton, 95 Okla. 298, 219 P. 680; Brant v. Brankle, 82 Okla. 144, 198 P. 844; Berry Dry Goods Co. v. Ward, 120 Okla. 11, 249 P. 916.

In Delzell v. Couch, 70 Okla. 124, 173 P. 361, this court held in paragraph 3 of the syllabus:

"Where an action is brought upon a promissory note, which upon its face shows to be barred by the statute of limitations, the burden is upon the plaintiff to plead facts relieving said action from the bar of the statute of limitations in order to successfully defeat a general demurrer interposed to the petition in such action."

And in Torrey v. Campbell, 73 Okla. 201, 175 P. 524, this court held in paragraph 4 of the syllabus:

"While the statute of limitation is an affirmative defense, that must be pleaded,

and proved by the party asserting or claiming it, yet there is a well-defined exception to this rule. When the petition or bill of particulars shows that the cause of action asserted is barred by the statute of limitation applicable to the particular cause of action set up, and the statute of limitation is pleaded as a defense thereto, the burden is on plaintiff to plead and prove facts relieving such action from the bar of the statute of limitation."

That decision cited Mason v. Henry, 152 N. Y. 529; Simpson v. Brown-Desnoyers Shoe Co., 70 Ark. 598; Paine v. Dodds, 14 N. D. 189; Dielmann v. Citizens' National Bank, 8 S. D. 263; Capen v. Woodrow, 51 Vt. 106.

The following cases follow the same rule announced in Torrey v. Campbell, supra, to wit: Rice v. Burgess, 124 Okla. 177, 254 P. 746; Shaw v. Dickinson, 65 Okla. 186, 164 P. 1150; Harris v. Grayson, 129

37 . J. page 1246, paragraph 773, opens the subject of part payment with this language:

"A party relying on a part payment, acknowledgment, or new promise to remove Okla. 281, 264 P. 623; Bayers v. Gamlin, 130 Okla. 82, 265 P. 650.

the bar of the statute has the burden of proving it. Also the burden of proving that the part payment, acknowledgment or new promise was made at such a time as to remove the bar of the statute rests on him. In the case of part payment the burden is on the creditor not only to prove the payment, but also to prove that it was made by, or by authority of, the debtor sought to be charged."

On page 1248, paragraph 776, C. J., it is said:

"The rules relating to the admissibility of evidence to prove or disprove payment in general ordinarily govern the admissibility of evidence as to part payments to avoid the bar of limitations."

And on page 1252, paragraph 782, C. J., reads as follows:

"In order to take a claim, otherwise barred, out of the statute by proof of part payment within the statutory period preceding the commencement of the action, there must be clear and positive evidence of the making of such a payment within the required time; that the payment was made on the claim in suit; that the intention was to make a part payment; and that the payment was made by the debtor or some one authorized to act for him. While the indorsement on a note of part payment may, in connection with other evidence in corroboration thereof, be sufficient evidence

of part payment, standing alone it is not sufficient evidence of part payment, or of the time thereof, especially where the indorsement was made by the payee or holder, it is necessary to adduce other evidence, such as evidence that the indorsement was made at the direction or with the consent of the maker, or that it was actually made by the owner of the note or at his direction at a time when the note was not barred, or that payment was actually made by the maker at such time."

And the author cites supporting decisions from Illinois, New York, Pennsylvania, Utah, Kentucky, Arkansas, Kansas, Massachusetts, Missouri, Nebraska, Maine, Washington, South Carolina, Oregon, Georgia, Alabama, and Michigan.

In the case at bar no evidence whatever was offered as to the placing of the notation of payment on the back of the note. It was not shown when it was placed thereon nor by whom. It was not shown who made the payment by check. If that payment was made by both the makers of this note, then the statute of limitation would be thereby tolled as to both makers of the note. But if the payment was made by only one of the makers, the statute was not thereby tolled as to the other of the joint makers. This court specifically so held in Eichman v. Culver, supra. See, also, Catlin v. Mills (Wash.) 247 P. 1013, and Farmers & Mechanics Bank v. San Poil Consol. Co., 126 Wash. 137, 217 P. 707, to the same effect.

Upon rehearing, our attention is directed to one authority as sustaining the contention that a notation of payment on the back of the note is affirmative evidence upon which to base the tolling of the statute of limitation. This is the case of Purdon v. Purdon, 10 M. & W. 562, 152 Engl. Reprint, 595. However, in that case the notation or memorandum of payment on the back of the note was signed by the makers of the note, and the indorsement read as follows:

"Hull, 1838—memorandum, that the sum of 11. 7s. 6d. one quarter's interest, was paid on the within note. William Purdon, Thomas Purdon."

That opinion, written in 1842, is in very abbreviated form, and while it held that the notation on the note constituted an account stated, and was evidence to go to the jury, and strong evidence of payment of the amount noted on account of the note, yet it is distinguished from the case at bar in that in that case the notation was signed

by the makers of the note, and it may well be that there was a specific allegation as to that indorsement on that note, if indeed the existence of such allegation was at that time material. That case is therefore readily distinguished from the case at bar.

If the notation on the note here involved is really affirmative evidence that the payment was made as stated, then is it affirmative evidence that the payment was made by this maker, T. H. Ray, and thus binding on him, or is the notation evidence that the payment was made by the other of the two joint makers of the note, Clara M. Ray, and therefore not binding on this defendant, T. H. Ray? There is no evidence whatever as to the relationship between T. H. Ray and Clara Ray, nor is there any reason suggested why no judgment was sought or obtained against Clara M. Ray. It is true, however, that plaintiff had the option to sue any or either of the makers of the note without joining the other.

Are we to assume that both of the makers of the note signed the check and made the payment of $250 merely because the notation on the note refers to a check, and because the petition states "that * * * said defendants paid to said plaintiff the sum of $250"?

It is suggested that this defendant, T. H. Ray, could have easily shown that he did not make the payment, if in truth and in fact he did not do so, and that is true. Likewise, in every action, if the plaintiff fails to prove his case, the defendant could go forward and make affirmative proof of his lack of liability, but I do not think he should be required to do so. This court has never sustained such a contention, and, of course, could not do so in view of our statutory provisions as to the burden of proof. Nor is there any authority called to our attention supporting this theory. Indeed, I think such a suggestion is a very ill-advised argument advanced to sustain the majority opinion. The majority opinion was certainly not founded upon any theory so untenable. My associates adopted and adhere to the majority opinion, I take it, either upon the theory that the fact stated in the notation on the back of the note was proven true by the presentation of the paper alone, or that the allegation of the facts in the petition alleged to toll the limitation were taken as true by an unverified denial thereof, or that the notation appearing on the back of the note is taken as true without any specific alle-

gation in reference thereto appearing in the petition.

I think neither of those theories is sound, and that adherence to either of them runs contrary to our former decisions above cited.

The defendant, by his motion for new trial, sufficiently questioned the right of plaintiff to judgment upon the evidence, and sought a new trial. I think the judgment should be reversed and the cause remanded for a new trial. If the plaintiff does not make proof by competent evidence of the facts essential to his cause, he should be denied judgment.

It may appear to be burdensome to the plaintiff corporation to reverse the judgment, and thereby say to the plaintiff that you cannot recover judgment in the courts until you prove the essential facts showing your right to ask the court to render your judgment. Even if that is so, I think it far more burdensome to the law to affirm that judgment, in view of the clear failure to prove an essential allegation of the petition. But for that allegation of payment the plaintiff's cause of action stands barred on its face. If that allegation is true, the plaintiff should be easily able to prove it and recover his judgment. If that allegation is not proven, the plaintiff should not recover, because the law prohibits it. For these reasons, I respectfully dissent from the majority opinion.