**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 5, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL E.D. GILYARD,

      Plaintiff - Appellant,

v.

THOMAS GIBSON, Federal DEA
Agent; CHRIS GABEAU, Federal
DEA Agent; JERE HOLT, Federal
DEA Agent,

      Defendants - Appellees.

No. 14-6229
(D.C. No. 5:14-CV-00923-D)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

      In 2014, Mr. Michael Gilyard sued under 42 U.S.C. § 1983 and

_Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics_, 403

U.S. 388 (1971),[1] claiming violation of the Fourth Amendment in 2010.

---

[*]     The Court has determined that oral argument would not materially aid our consideration of the appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs. Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1]     Mr. Gilyard filed the complaint on a form for actions brought under 42 U.S.C. § 1983. But in the body of the complaint, Mr. Gilyard asserted jurisdiction based on both 42 U.S.C. § 1983 and _Bivens_.

But a two-year period of limitations applied, and Mr. Gilyard waited four years to sue. Thus, the district court dismissed the suit.

Mr. Gilyard appeals, urging tolling based on a legal disability. We ask: Did the district court err in declining to toll the limitations period? We conclude that the district court did not err because Mr. Gilyard failed to satisfy his burden of proof for tolling under Oklahoma law. As a result, we affirm.

## Timeliness

Under § 1983 or *Bivens*, timeliness is determined through the state's limitations period for a personal injury claim. *See Wilson v. Garcia,* 471 U.S. 261, 276 (1985) (actions under 42 U.S.C. § 1983); *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) (*Bivens* actions). Under Oklahoma law, this period is two years. *See* Okla. Stat. tit. 12 § 95(A)(3) (setting forth a two-year period of limitations for "an action for injury to the rights of another, not arising on contract").

Mr. Gilyard states in the complaint that the wrongdoing occurred in February 2010. He sued less than a year later, but the district court ordered dismissal without prejudice. Mr. Gilyard then waited until 2014 to file a new complaint.[2]

---

[2]    Under Oklahoma law, Mr. Gilyard could file a new action within one year of the dismissal. *See* Okla. Stat. tit. 12 § 100 ("If any action is

2

The issue of timeliness would ordinarily involve two factors: (1) when the cause of action accrued, and (2) whether Mr. Gilyard is entitled to equitable tolling. But the first factor is not at issue because the complaint states that the wrongdoing and injury occurred in February 2010. There is no question that the cause of action accrued at that point. Thus, timeliness turns on the second factor: equitable tolling.

When we review summary dismissal based on timeliness, we ordinarily engage in de novo review. *See Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). But we have created a special rule for equitable tolling, confining our review to the abuse-of-discretion standard. *Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004).

In considering whether the district court abused its discretion, we consider the asserted grounds for equitable tolling. Mr. Gilyard alleges a legal disability based on a learning disability and lack of competency. To determine whether these allegations justify tolling, we consider Oklahoma law. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004).

In Oklahoma, tolling may be permissible based on a legal disability. *See id.* ("[T]he existence of a 'legal disability' provides proper grounds for

---

commenced within due time, and . . . the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed."). Mr. Gilyard acknowledges that he did not file a new action within one year, but urges equitable tolling.

3

equitable tolling."); Okla. Stat. tit. 12 § 96 (stating that when claimants suffer a legal disability, they can ordinarily wait up to one year to sue after removal of their disabilities). But Mr. Gilyard bears the burden of showing this disability. *See Ray v. Oklahoma Furniture Mfg. Co.*, 40 P.2d 663, 668 (Okla. 1934) (stating that under Oklahoma law, the plaintiff bears the burden of proof on tolling of the limitations period).[3]

The U.S. Magistrate Judge directed Mr. Gilyard to explain if he thought he was entitled to equitable tolling. *See* Order to Show Cause at 1-2 (Sept. 16, 2014) (Doc. 9) (directing Mr. Gilyard to state why the action should not be summarily dismissed on timeliness grounds, identifying possible reasons such as the application of equitable tolling). In responding, Mr. Gilyard did not mention a disability. Instead, he argued that the complaint had "related back" to his 2011 suit. The magistrate judge rejected this argument and recommended dismissal.

In objecting to this recommendation, Mr. Gilyard asserted that (1) his educational testing in 2010 had shown a severe learning disability and (2) he was unable to comprehend his financial affairs. Objection to Report and Recommendation at 1-2 (Nov. 3, 2014) (Doc. 17). But Mr. Gilyard did not explain why his learning disability or inability to understand financial

---

[3]    Oklahoma law governs the burden of proof for equitable tolling. *See Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007) (holding that state law governs the burden of proof on equitable tolling in a *Bivens* action).

affairs would prevent him from filing a complaint. Indeed, in 2011, after the alleged test results showing a severe learning disability, Mr. Gilyard was able to file a complaint against the same defendants for the same wrongdoing. *See* Compl., *Gilyard v. Gibson*, Case No. CIV-11-22-D (W.D. Okla. Jan. 6, 2011) (Doc. 1). In these circumstances, we conclude that the district court acted within its discretion in concluding that Mr. Gilyard had not proven a legal disability. *See, e.g.*, *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (holding that dyslexia was not a ground to toll the limitations period for a federal habeas action).

### Request for an Evidentiary Hearing

On appeal, Mr. Gilyard argues that he has evidence to show his disability and should have had an opportunity for an evidentiary hearing. We review the denial of an evidentiary hearing for abuse of discretion. *United States v. Clingman,* 288 F.3d 1183, 1187 n.4 (10th Cir. 2002).

Mr. Gilyard had an opportunity to submit written evidence to explain his legal disability, but failed to take advantage of that opportunity. *See, e.g.*, *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008) (stating that an evidentiary hearing was not necessary when a complainant had failed to take advantage of an opportunity to present evidence justifying equitable tolling). Mr. Gilyard points out that this opportunity did not include an evidentiary hearing, but he had not asked for one in district court. In light of the absence of a request, the district court acted within its discretion in

5

declining to order an evidentiary hearing. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998) ("Ordinarily, a district court does not abuse its discretion in deciding not to hold an evidentiary hearing when no such request is ever made.").

## Leave to Proceed in Forma Pauperis

We grant Mr. Gilyard's request for leave to proceed in forma pauperis. But Mr. Gilyard must pay the remainder of his filing fees in installments, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(b).

Entered for the Court


Robert E. Bacharach
Circuit Judge